FLORENCE M. BUTLER, ADMINISTRATRIX, V. CHARLES M. CHAMBERLAIN.

FILED OCTOBER 22, 1902.  No. 12,632.

Commissioner's opinion, Department No. 3.

**Stipulation:** RELIEF. Where a stipulation made in the trial of a cause appears to have been made improvidently, and to stand in the way of substantial justice, the trial court should relieve against it.

ERROR from the district court for Johnson county. Tried below before LETTON, J. *Reversed.*

*William H. Kelligar, Edgar Ferneau* and *Hugh La Master,* for plaintiff in error:

This case has been before this court, and was decided May 22, 1901. 61 Nebr., 730. In the syllabus of that opinion the court said: "One may lawfully insure his own life and afterwards assign the policy to another having no insurable interest, if done in good faith and not by way of cover for a wager policy."

The petition in the case alleged the issuance to Butler of a policy of insurance for $5,000 payable to his estate, the assignment of the same by Butler to Chamberlain as collateral security for the loan of $75, the death of Butler, and the conversion of the policy by Chamberlain, with a prayer that the plaintiff, Mrs. Butler, might recover the value of the policy so converted.

The defendant answered denying that the policy was assigned as collateral for loan, and asserted that the same was actually sold and delivered to him by Butler for the sum of $75, and that he was in fact the owner of the policy, and hence was not liable for its value in an action for conversion.

On the trial of the case in the district court, which took place early in the year 1897, the counsel for the plaintiff, Hon. Thomas Appelget and Hon. J. Hall Hitchcock, **each**

since deceased, entered into a stipulation of facts with the defendant's counsel, and the case was tried on this stipulation. Among the material things stipulated in that trial was that the sale was actually a sale intended to pass title, and not as collateral security, and the entire case of both parties was made on this stipulation.

The district court, proceeding on the theory that it appearing from the stipulation that Chamberlain had no insurable interest in the life of Butler, it was not possible for him to acquire a valid title to a $5,000 life insurance policy for the sum of $75, rendered judgment against Chamberlain for the amount of the policy, less the $75 paid, and four subsequent annual premiums paid to keep the policy in force, with interest on the several amounts so advanced by Chamberlain.

Chamberlain, as before stated, brought that case to this court for review, and the point upon which the case turned being one of first impression in this state, this court held that inasmuch as it was admitted that the sale was made with a view of passing the actual title to the policy, it was competent for Chamberlain to obtain a valid title to property of this character. This decision follows New York and other states holding the view that policies of life insurance may be assigned like other choses in action, and this court declined to follow the several states holding the view that assignments of that character are against public policy, and therefore void. The case was remanded for further proceedings.

We lay down the following propositions of law in this connection, which we say was error to disregard or deny, and that for their denial by the court below this case should be reversed and remanded:

First. The plaintiff, who was acting as administratrix of the estate of Robert L. Butler, deceased, was without authority or power to enter into any stipulation or agreement which was detrimental to said estate, and affected adversely the substantial rights of those entitled to said estate.

Second. The plaintiff was acting in a trust capacity, and as such trustee was without authority to enter into any stipulation which conceded away in any manner the property rights of the minor children of the deceased.

Third. The said administrator, in so far as the rights of the said minors were concerned, would have no greater power to enter into such a stipulation than a next of kin or a guardian *ad litem* would have.

Fourth. The stipulation as to the sale and ownership of the insurance policy should have been set aside in so far as to enable the plaintiff to offer her proof to show the truth as to whether it was in fact a sale or a pledge, and it was an abuse of discretion in the court to deny this relief.

In the matter of allowing proof of ordinary admissions against interest by administrators the courts of this country differ. Many courts of high standing refuse to allow admissions of executors and administrators to be given in evidence to bind estates, while perhaps a greater number of courts permit such evidence. Some of the authorities holding such admissions not to be admissible are: *Wheelock v. Wheelock,* 5 Vt., 433; *Crandall v. Gallup,* 12 Conn., 365; *Leeper v. McGuire,* 57 Mo., 360; *Elwood v. Deifendorf,* 5 Barb. Ch. [N. Y.], 397; *Church v. Howard,* 79 N. Y., 415; *Hueston v. Hueston,* 2 Ohio St., 488; *Davis v. Gallagher,* 124 N. Y., 487; *Peck v. Botsford,* 7 Conn., 172; *Pease v. Phelps,* 10 Conn., *62, *69. An examination of the authorities will lead to the conclusion that whether or not such admissions are to be admitted or rejected depends somewhat on statutory regulations. However, no case, we think, can be found that holds any such admissions more than simply admissible like other admissions against interest, to be considered by the jury for what they are worth. We find no case that holds any such admission to be conclusive and indisputable.

*Samuel P. Davidson, Isham Reavis* and *J. W. Deweese, contra.*

ALBERT, C.

This case is now before the court for the second time The former opinion is published under the title of *Chamberlain v. Butler*, 61 Nebr., 730, where a complete statement of facts as to the nature of the case and the stipulation hereinafter mentioned may be found. From the record before us it appears that the stipulation in question was made in open court, at the first trial of the case below, after the plaintiff had made an unsuccessful attempt to show by parol testimony the nature of the assignment of the policy by the plaintiff's husband to the defendant. After such stipulation was made, the case was submitted to the court on a question of law, namely, whether one may lawfully insure his own life and afterwards assign the policy to another, having no insurable interest, if done in good faith and not by way of cover for a wager policy. The district court answered the question in the negative. As shown by the case above referred to, this court, passing on the same question, reversed the judgment of the district court, and remanded the cause for further proceedings. After it had been remanded to the district court, the plaintiff filed a motion to set aside the stipulation of facts, set out in the opinion referred to, on the following grounds: First, because the stipulation was contrary to the facts; second, because it was made by mistake of her attorneys; third, because it was contrary to what plaintiff had informed her attorneys were the facts; fourth, because it was improvidently made under a misapprehension of its legal effect by plaintiff's attorneys; fifth, because it was made without plaintiff's knowledge, consent or authority; sixth, because plaintiff lacked legal capacity to enter into such stipulation, the suit being prosecuted by her in her representative capacity as administratrix; seventh, because the stipulation was prejudicial to the rights of the plaintiff. Among other proofs offered in support of the motion was the affidavit of the plaintiff to the effect that at the time of the former trial, she was represented by

Messrs. T. Appelget and J. H. Hitchcock, now both deceased; that she delivered all the records and papers which she possessed pertaining in any way to said action to them, and that among such papers was one signed by the defendant, with whose signature she is familiar, stating that the insurance policy in controversy was assigned to the defendant as security only, to secure the payment of $75 and such premiums as should be paid by the defendant during the time said policy was left with him as such security; that she last saw such paper in the possession of her said counsel; that she does not know where the paper is, and is unable to find it, although she has made diligent search for it; that said search had also been made among the papers of her said counsel without success. She further deposes that she did not in any way authorize her attorneys to enter into the said stipulation, and that she knew nothing of it until the same was explained to her by her present attorneys, after this cause had been heard and decided by this court; that she knew, at all times, that said policy was held by the defendant simply as security, and that he never held it as actual owner. She further deposes that the policy was assigned to the defendant by her husband for other amounts than $75, as she has discovered since filing her original petition in this cause. The affidavit stands uncontradicted. The court overruled the motion. A trial was then had, and the plaintiff offered to show substantially the same state of facts covered by her affidavit. The offer was objected to, and the objection sustained on the ground that the evidence offered was inconsistent with said stipulation. The court found in favor of the defendant and gave judgment accordingly. The plaintiff brings error.

The only question involved at present is whether the court erred in its refusal to set aside the stipulation as to the facts, and to permit the plaintiff to show a state of facts inconsistent therewith. It will be seen from the statement in the former opinion, that plaintiff's petition was framed on the theory that the assignment of the policy to the de-

fendant was by way of security for a debt; the answer, on
the theory that the assignment was absolute.  By the stip-
ulation it was admitted that the assignment was absolute,
thus raising the question of law hereinbefore stated.  Had
the plaintiff, instead of entering into such stipulation, filed
a reply admitting the same state of facts, would it not
have raised the same issue of law as that presented by the
pleadings and the stipulation?  If so, when the case was
remanded, would she have been irrevocably bound by the
admissions in the reply, or should she have been permitted
to amend?  Again, suppose that on the first trial the de-
fendant's theory, that the assignment was absolute, had
been fully sustained by evidence given in the ordinary way,
and the plaintiff had offered no evidence to the contrary,
undoubtedly the same issue of law would have been raised
as was raised. · On the second trial, would she have been
conclusively bound by the evidence given on the former
trial?  It is clear to us that had the issue of law presented
by the record on the former hearing been presented by the
pleadings or by evidence given in the ordinary way, the
plaintiff should not be confined to that issue on a second
trial.   Were the issue presented by the pleadings, the
court, in the exercise of a sound discretion, might have per-
mitted her to amend; were it presented by the pleadings,
and evidence offered in the ordinary way, she should have
been permitted to offer additional evidence, even though it
might be in conflict with that offered in the former trial.
We are unable to see how the present case differs in prin-
ciple from the supposed cases.  Therefore it seems to us
that the sole question is whether there was an abuse of dis-
cretion on the part of the trial court. ..We think there was.
If plaintiff's affidavit be true,—and it stands uncontra-
dicted,—the stipulation stands in the way of a recovery
by her of a substantial sum, justly due her, in her repre-
sentative capacity.  In the light of that affidavit, the stipu-
lation was improvidently made, and should be set aside,
since it does not appear that to do so would work any in-
justice to the defendant.  The following cases support this

conclusion: *Keens v. Robertson,* 46 Nebr., 837; *Becker v. Lamont,* 13 How. Pr. [N. Y.], 23; *Ward v. Clay,* 23 Pac. Rep. [Cal.], 50; *Porter v. Holt,* 11 S. W. Rep. [Tex.] 494; *Brown v. Cohn,* 60 N. W. Rep. [Wis.], 826, 829; *Harvey v. Thorpe,* 65 Am. Dec. [Ala.], 344, 346.

It is recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.