[No. 3673.]

GIBSON v. FOSTER.

1. TIME—*Computation.* Fractions of a day are not regarded in computing the time during which process must be in the hands of the sheriff, in order to warrant publication. (Mills' Code, Sec. 382; Rev. Code, Sec. 416.) The first day is excluded and the last included. Service of summons by publication. The summons was issued May 1st and returned May 11th, not found. *Held* sufficient to warrant publication.

2. TRIAL—*Stipulation of Counsel—Mistake.* Stipulations of counsel as to the facts of the cause will not be vacated upon any lower grounds than would warrant the rescission of a contract, *e. g.*, fraud, collusion, surprise, mistake, or the like.

And application should be seasonably made in the trial court. Plaintiff in ejectment stipulated that one Z, from whom he derived title, was defendant in a certain cause named, and that in said action before Z's conveyance a decree was entered quieting the title in defendant. The record produced showed that in fact Z was not a party to that action. No suggestion of a mistake was made in the court below, nor was error directly assigned thereon. *Held* that plaintiff was concluded by the stipulation.

*Appeal from Kiowa District Court.* HON. J. E. RIZER, Judge.

Mr. JOHN F. MAIL, for appellant.

Messrs. CRANE & PATRICK, for appellee.

MORGAN, J.

This is an appeal by plaintiff from a judgment for defendant in an action for the possession of a quarter-section of land. At the beginning of the trial in the lower court it was stipulated: That the United States conveyed the land to Samuel Menz, September 8, 1888; that he conveyed to Clint C. Rush, March 11, 1892; that he conveyed to Charles Zilly, March 18, 1895; that he conveyed to Albert E. King, October 4, 1907; that he conveyed to Charles E. Gibson, the plaintiff; that Charles Zilly was a defendant in a certain case, No. 135, in Kiowa county, entitled Foster v. Deleplane et al., and that judgment was rendered in that action quieting the title of George S. Foster, September 7, 1906, prior to the time that Zilly conveyed to King.

After this stipulation was made, the plaintiff rested, and defendant offered in evidence, without objection, the complaint and the decree in the said case No. 135, both of which show on the face thereof that the name of Charles Zilly does not appear therein.

The plaintiff then offered in rebuttal the summons, the affidavit of publication, and the order of publication, in said case No. 135, all of which show that Charles Zilly's name does not appear; and said evidence discloses, also, that the summons was issued on May 1, and returned by the sheriff, not served, on May 11, 1906.

Appellant assigns for error that the court erred in rendering judgment for the defendant, and not for the plaintiff; that the court erred in holding that any jurisdiction of the person of the defendant was acquired by the plaintiff in said case No. 135, and that the court erred in holding that the summons in said case was held by the sheriff for the time required by law.

It has been repeatedly held, as shown by the exhaustive discussion in the case of *Stebbins v. Anthony*, 5 Colo., 348, and it is also provided in our code, sec. 382, that frac-

tions of days are not noticed in computing time in such instances as this, and that time, in such instances, is computed by excluding the first day and including the last. Consequently, the sheriff held the summons for a sufficient length of time. The law does not require that ten full days intervene between the first day, the day the summons is issued, and the day that it is returned.

No contention seems directly based upon the disclosure by the decree and the judgment roll, including the publication of summons, that neither Zilly, who owned the land when the prior suit was begun, nor King, plaintiff's immediate grantor, were parties thereto. No error is directly assigned thereupon, and the lower court's attention was not directed to this apparent mistake in the stipulation. Under these circumstances, the appellant is bound by his stipulation.

Thompson, in his work on Trials, vol. 1, sec. 194, says:

"Such being the nature of the stipulations of counsel made in court touching the cause of the trial, it follows that they will not be set aside upon any lower grounds than those which would warrant the rescission of a contract—namely, fraud, collusion, accident, surprise, or some ground of the same nature. The court will not relieve parties from the effects of a stipulation made under a full understanding of the facts existing at the time. The mere fact that a party, by such a stipulation, has *waived defenses* which he might otherwise urge, is no sufficient ground for setting it aside. But, by analogy to the relief of parties from contracts entered into under a *mutual mistake of fact,* it is clear that a court will relieve a party against a stipulation made under such a mistake."

Judge Thompson cites *Butler v. Chamberlain,* 66 Neb., 174, 92 N. W., 154: "This principle does not, how-

ever, embrace a case of omission of those things which reasonable prudence should have included and provided against." And *Conner v. Belden,* 8 Daly (N. Y.), 257, to the effect that parties cannot be relieved from the effects of a stipulation made under a full understanding of the facts existing at the time, "unless it has been improvidently entered into, and stands in the way of substantial justice, when a wise discretion should relieve from its effects," and *Wells v. American Express Co.,* 49 Wis., 224, 5 N. W., 333, wherein the mistake does not appear to have been mutual, and yet the stipulation was set aside.

In the light of these authorities, the lower court, within its discretion, might have relieved the plaintiff from the effect of this stipulation if it had been so requested, and upon a proper showing that both parties to the stipulation were mistaken as to the facts, but no such request was made of the lower court, nor of this court. Appellant contents himself, solely, upon what the record discloses, and, while frequently repeating in the abstract and in his brief, that Zilly was *not* a defendant, he never refers to the stipulation, which admits that Zilly was a defendant, and that the decree was rendered against him. Counsel seems to be disposed to adhere strictly to the stipulation, and there may be reasons for it not appearing in the record.

In view of the premises and the absence of anything except that Zilly's name does not appear in the decree or in the roll, and on account of our inclination to respect and encourage stipulations as to facts and require a strict adherence thereto in the trial of cases where the proof would consist of the formal introduction of lengthy documentary evidence with which counsel can thoroughly familiarize themselves prior to the trial, the judgment will be affirmed.     *Affirmed.*