UNION PACIFIC R. CO. v. MARKS J. BILLETER.

[FILED JANUARY 7, 1890.]

1. **Fellow-Servants**: WHO ARE NOT. Plaintiff in error was engaged in operating a railroad in this state, and for the purpose of securing the removal of its coal from the coal pockets, in its coal sheds, into the tenders attached to the engines by which its trains were moved, gave an independent contract to one H. to place the coal in the proper pocket prepared by plaintiff in error and from which to load the tender of the locomotives by which the line was operated. He hired his own assistants, paying them out of his own means, by whom alone they were employed and discharged, and to whom alone they looked for their compensation. Defendant in error was employed by him to assist in this work, his duty being to notify the engineers as to the proper position in which their engines should be placed for receiving the coal, and to place the coal in the tender, but in which the engineer rendered no assistance. It was the duty of the engineer to place the engine in its proper place, leaving it stationary until the coal was loaded, but in the discharge of which he received no assistance from defendant in error. It was *held*, that the engineer and defendant in error were not fellow-servants under the rule exempting the railroad company from damages resulting from the negligent acts of fellow-servants.

2. **Contributory Negligence.** The evidence was examined and it was *held*, that the finding of the trial jury, that defendant in error was not guilty of contributory negligence, and that the engineer of plaintiff in error was guilty of negligence, was sustained.

ERROR to the district court for Dodge county. Tried below before MARSHALL, J.

*J. M. Thurston, W. R. Kelly,* and *J. S. Shropshire,* for plaintiff in error:

As Billeter and the engineer were in the same employment, for a common purpose, requiring the co-operation of both, they were fellow-servants, and even if the injury did result as charged, defendant in error cannot recover. (*Ill. R. Co. v. Cox,* 21 Ill., 20; *Valtez v. R. Co.,* 85 Id., 500; *Conners v. Hennessy,* 112 Mass., 96; *Johnson v. Boston,* 118 Id., 114; *Harkins v. Sugar Refinery,* 122 Id., 400.) The qualified rule in Ohio: Where different persons are employed in a common enterprise, and one is given no control over the other, neither can maintain an action against the employer. (*Little Miami R. Co. v. Stevens,* 20 Ohio, 415; *Cleveland R. Co. v. Keary,* 3 Ohio St., 201; *Whaalan v. R. Co.,* 8 Id., 249.) The question as to whether or not Billeter and the engineer were fellow-servants should, at least, have been submitted to the jury. (*Mullan v. Steamship Co.,* 78 Pa. St., 25; *Potter v. R. Co.,* 46 Ia., 399; Wharton, Negligence, sec. 230.) The testimony shows that Billeter disobeyed his instructions; hence he cannot recover. (*Shanny v. Androscoggin Mills,* 66 Me., 420; *Lyon v. R. Co.,* 31 Mich., 429; *R. Co. v. Thomas,* 51 Miss., 637.)

*E. F. Gray, contra:*

Billeter and the engineer were not fellow servants, within the rule exempting the master from liability. (*Hitte v. R. V. R. Co.,* 19 Neb., 620; *C., B. & Q. R. Co. v. Clark,* 26 Id., 645; *McKennan v. The Carolina,* 30 Fed. Rep., [N. Y.], 199; *Phillips v. Chicago, M. & St. P. R. Co.;* 64 Wis., 475 [25 N. W. Rep., 544]; *McAndrews v. Burns,* 39 N. J. L., 117; *West v. St. L., etc., R. Co.,* 63 Ill., 545;

*Hale v. Johnson*, 80 Ill., 185; *Clarks v. H. & St. J. R. Co.*, 36 Mo., 203; *Fink v. Furnace Co.*, 82 Id., 276; *Reed v.* *Alleghany*, 79 Pa. St., 300; *Wray v. Evans*, 80 Pa. St., 102; Shearman & Redfield, Negligence, sec. 225, and cases cited.) On the question of contributory negligence: *Romick v. C., R. I. & P. R. Co.*, 62 Ia., 167; *Crowley v. B. C. R. & N. R. Co.*, 20 N. W. Rep. [Ia.], 468; *Dilberner v. Chicago, M. & St. P. R. Co.*, 47 Wis., 138 [2 N. W. Rep., 69]; *City of Plattsmouth v. Mitchel*, 20 Neb., 230; *A. & N. R. Co. v. Bailey*, 11 Id., 335; *O. N. & B. H. R. Co. v. O'Donnell*, 22 Id., 475.

REESE, CH. J.

This action was instituted in the district court of Dodge county, and was for damages resulting from personal injuries received by defendant in error while loading coal into the tender of one of plaintiff's engines from a chute or pocket at Valley Station on the line of plaintiff's railroad.

In addition to the usual averments of the corporate capacity of plaintiff in error, it was alleged in the petition that plaintiff in error maintained an apparatus for receiving coal and loading the same into the tenders of the locomotives, called a pocket and apron, said pocket being constructed and used to receive coal, and said apron being constructed so as to carry the coal from the pocket to the tender of plaintiff's engines; the pocket and apron being so constructed as to allow the apron to be let down and suspended over the tender and by which act the door of the pocket became automatically unloosed and the coal was allowed to run from the pocket to the tender of the engine.

"That at and before the committing of the wrongs and injuries hereinafter mentioned one Thomas Hunter, by virtue of an independent contract with said defendant, had the management and control of said apparatus, and of receiving the coal into said pocket and loading the same into said tender by the use of said apron; and by the terms of

said contract he was paid for the management, receiving, and loading aforesaid by the quantity of coal so handled by him in and with said apparatus, and was subject to no control of said defendant therein; and that in order to perform said contract he necessarily employed, controlled, and paid men to do and assist in doing the work, in the performance of said contract on his part.

"That at and before the commission of the wrongs and injuries hereinafter mentioned the said plaintiff was in the employ of said Hunter, independent contractor as aforesaid, and by the duties of his employment was required to operate said apparatus and load said tender with coal from said pocket, using said apron therefor. That on the 22d day of April 1888, the said plaintiff, in the employment aforesaid, while operating said apparatus and loading coal therewith in the said defendant's tender of its locomotive then attached to a freight train, and stopped at said apparatus on the said railroad for that purpose, having discharged a tender load of coal into said tender by said apparatus, he necessarily, without any negligence, wrong, default, or want of ordinary care on his part, stepped upon said tender at the front end thereof to remove from said apron coal remaining thereon, preparatory to swinging said apron into position and out of the way of passing trains, so that said train could move on its own way, when, as said plaintiff was so upon said tender, in the act of removing said coal from the said apron, without any negligence, wrong, default, or want of ordinary care on his part, the said defendant, by its engineer of said locomotive and train, negligently, wrongfully, and without reasonable and ordinary care, suddenly, and without ringing the bell, sounding the whistle, or other notice or warning, started the said locomotive backward, and thereby caught said plaintiff's left leg between the top of the cab of the said locomotive and said apron, and thereby crushed, broke, and injured plaintiff's left leg," etc.

Plaintiff in error filed its answer, by which it admitted

its corporate capacity, the operation of the railway as alleged in the petition, the construction and operation of the apparatus for receiving coal and loading the same into its locomotive; that the handling of said coal at Valley Station was let by contract to Thomas Hunter, who employed defendant in error, and that defendant in error was not in the employ of plaintiff in error at the time of the accident. Contributory negligence on the part of defendant in error was affirmatively alleged, and negligence on the part of plaintiff in error was denied, as well as the fact of a permanent injury having been suffered by defendant in error.

The reply was a general denial of the affirmative allegations contained in the answer.

A jury trial was had which resulted in a verdict and judgment in favor of defendant in error. The cause is brought to this court by plaintiff in error for review, by proceedings in error.

The evidence submitted to the trial jury on the question of the employment of defendant in error was substantially all to the effect that he was employed by Hunter alone, who was an independent contractor under plaintiff in error; that there was no privity of contract between plaintiff in error and defendant in error, his wages being paid by Hunter, and by whom alone he was employed and liable to be discharged, and to whom alone he was responsible for the manner in which he performed the labor assigned to him. Plaintiff in error requested the court to give to the jury instruction number one, which was as follows:

"The jury are instructed as a matter of law that where a servant is injured in the course of his employment by the negligence of a fellow-servant, the master is not liable to the injured party, and it is not necessary, in order to come within the rule respecting fellow-servants, that the injured party and the one causing the injury should be in the service of the same employer or master, but they may be, as is shown in this case, servants of different masters, and if they

are engaged in the same common business for a common purpose, or for either of the masters, they may be fellow-servants and hence within the rule.

"It is conclusively shown by the testimony that at the time of the injury the plaintiff and the engineer of the engine were engaged in a business for a common purpose, that is, for the benefit of defendant here in the prosecution of its business. That while it was the duty of the engineer to move, place, and operate his engine, it was also the duty of the plaintiff to direct the engineer how and where to place his engine, that is, it required the co-operation of both in order to coal the engine properly. It was necessary for them to work to a common purpose and to a common end in order to transact the business in which they were engaged. This being so they were, in contemplation of law, fellow-servants and as such each was bound to exercise a due regard for the safety of the other, and neither employer would be liable for the injury of one servant caused by the negligence of the other.

"The plaintiff claims that his injury resulted solely through the negligence of the engineer, in permitting the engine to back up as described by the testimony. If you should so find, then your verdict must be for the defendant for the reason above stated."

This instruction the court refused to give and to which plaintiff in error excepted.

The evidence shows that in the proper discharge of his duties, defendant in error notified the engineer of plaintiff which of the pockets containing the coal was the one from which the coal should be removed into the tender; that the engineer stopped the train at the proper place, and after it became stationary defendant in error proceeded to withdraw the coal from the pocket into the tender by the use of the apron above referred to; that while he was doing the work in hand the engineer proceeded to oil his engine, and after the coal had been run from the pocket

to the tender and while defendant in error was removing from the apron and from the pocket some pieces of coal which had lodged, and which it had, become necessary to remove in order to replace the apron so that the engine could be removed and other trains could pass, the engineer reversed the steam by throwing back the reverse lever, in order that he might oil certain portions of the engine, and that by reason of the reverse lever being thrown back the engine, without warning or signal of any kind, ran back, catching the defendant's limb between the apron and the cab of the engine, by which the injury was received. It was the duty of the engineer to place his engine in a proper position and allow it to remain stationary until the coal was placed in the tender, the apron thrown back, and word given to him by the usual and customary signal, without causing the engine to remove from its place. As we have said, it was the duty of defendant in error to notify the engineer as to the place where the engine could be stationed for receiving the coal, that he could then place the coal in the tender without any assistance from the engineer, and, when his duties were performed, to notify the engineer of the fact that he might move on; the engineer being in the employ of plaintiff in error, defendant in error being in the employ of the contractor Hunter.

It is insisted that under these facts the instruction should have been given. We think not. There was no evidence anywhere tending to show that the engineer and defendant in error were in any sense fellow-servants within the legal rule. Without citing any of the many authorities presented by counsel upon either side, we think it is sufficient here to quote a clear statement of this rule, in Shearman & Redfield on Negligence, at sec. 225, which is as follows: "Mere co-operation or community of labor and ultimate purpose, is not enough to make men fellow-servants. They are not fellow-servants, unless they are all under the control and direction of a common master. Therefore,

where a servant works side by side with one employed by his master as an independant contractor, or with a servant of such contractor, or the servant of a contractor works with the servants of a sub-contractor, they are not fellow-servants, even though they help to do the same work, for the benefit of the same ultimate employer; and the master of the former servant is therefore responsible for an injury caused by the servant's negligence in such work, either to the contractor or to the contractor's servant." (See also *Young v. R. R. Co.*, 30 Barb., 229; *Gerlach v. Edelmeyer*, 47 N. Y. Super. Ct., 292.) There was no error, therefore, in the refusal to give the instruction asked.

There is no criticism upon the instructions given by the court to the jury, and they need not be here noticed.

It is contended that defendant in error was guilty of contributory negligence, in stepping from the top of the cab to the tool box — which is placed upon the front end of the tender—for the purpose of removing coal from the apron and pocket which had not become entirely disengaged from them prior to his elevation of the apron. It was sought upon the trial to show that the instruction of Mr. Hunter, the contractor, had been to those engaged in that work to refrain from stepping upon the tool box referred to. There was no proof that any instructions of the kind had been conveyed to defendant in error. But upon the contrary it was shown that this was the usual and customary habit adopted for the purpose designated. Plaintiff in error then called witnesses for the purpose of establishing the fact that general instructions of the kind referred to had been issued by Hunter without reference to their having been brought to plaintiff's knowledge. This we infer from the questions propounded to the witnesses. Objection was made upon the ground of the immateriality of the evidence, which was sustained and to which plaintiff in error excepted, but made no offer of the proof of any fact which he proposed to submit to the consideration of

the court and jury. This was necessary in order to a consideration by this court of the question presented.

It is next contended that the verdict is not sustained by sufficient evidence and that defendant in error was guilty of contributory negligence at the time when he received the injury, of which complaint is made.

The evidence submitted to the jury was in some sense contradictory, yet we think it sufficiently appears that the universal custom was to allow the engine to remain stationary during the time that defendant in error was filling the tender with coal; that there was no reason for him to expect the engine would be removed, and it is clearly shown that the engineer did not contemplate a removal of the engine; that it was not only the custom of defendant in error but of other persons engaged in that employment to step from the top of the cab to the tool box, for the purpose of removing the coal which might accumulate either at the mouth of the pocket or upon the apron, in order that the apron might be thrown back to its proper place; that the accident was caused solely by the act of the engineer in reversing the lever, the movement of the engine being caused by the steam in the steam chest at the time the lever was reversed. While it is quite probable that the engineer was not aware of the presence of the steam in the chest, it is doubtless true that he was aware of the fact that if the steam was present at the time he reversed the lever the necessary result would be a removal of the engine. Whether any effort on his part was made to ascertain as to whether the steam was in the chest or not does not appear; at any rate, he did not satisfy himself that it was not there. The lever was reversed without the knowledge of defendant in error and without his attention being called in any way to the fact, or that there was danger of the engine being moved backward by the action of the engineer. So far as we are able to see he was not in any degree guilty of contributory negligence, but the

action of the engineer, without giving warning to others, was competent for the jury to consider for the purpose of ascertaining whether or not the accident was caused by his want of due and proper care.

. The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.