ANN W. BARNES ET AL., APPELLEES, V. ALONZO B. MINOR, ET AL., APPELLANTS.

FILED DECEMBER 5, 1907. NO. 14,807.

1. **Drainage Districts:** ORGANIZATION: JUDICIAL INQUIRY. The power of the legislature over the subject of procedure, within. limits not impairing the inherent powers or jurisdiction of the courts, is not restricted; and it is competent to require, by statute, a preliminary judicial ascertainment of facts, the existence of which is made a condition precedent to the creation of a public corporation.

2. ———: ———. The act of 1905 (laws 1905, ch. 161), relative to "the organization and government of drainage districts; for the reclamation and protection of swamps, overflowed or submerged lands," does not contemplate the inclusion of a railroad company's right of way, depot grounds and appurtenances as a part of the district.

APPEAL from the district court for Richardson county: JOHN B. RAPER, JUDGE. *Affirmed in part.*

*Roscoe Pound, J. W. Deweese* and *Frank E. Bishop,* for appellants.

*A. R. Keim, A. R. Scott, E. Ferneau, H. A. Lambert, E. B. Quackenbush* and *Francis Martin, contra.*

BARNES, J.

This is a proceeding for the creation of a drainage district in Richardson county, and is, in so far as has been brought to our knowledge, in formal compliance with the provisions of an act of the legislature of 1905, entitled, in part, "An act for the organization and government of drainage districts; for the reclamation and protection of swamps, overflowed or submerged lands," * * * and providing a procedure therefor. Laws 1905, ch. 161. Section 1 of the act provides for the organization of an association by adopting articles of incorporation by the persons owning contiguous tracts of such lands as are mentioned in the title, and embraced within an area of not less than 160 acres. The articles are required to define the limits of the proposed drainage district and describe the several tracts of land included therein and owned by the persons joining in the execution of said articles, together with such tracts of land in said proposed district as are owned by persons not joining, and the names of such persons. The articles, when executed, are required to be filed in the office of the clerk of the district court for the county, together with a prayer for process against the nonconsenting landowners.

It is further provided by the act that, upon the service of such process on the nonconsenting landowners, they may file their objections, if any, in writing, and, upon a proper hearing, the district court, by its order duly entered of record, shall declare said drainage district a public corporation of this state; and the court may exclude such lands as will not be benefited, and declare the remainder a drainage district, as prayed for. It appears that the right of way, road bed and depot grounds of the Chicago, Burlington & Quincy Railway Company traverse a part of the proposed drainage district, and said company was described in the articles as a nonconsenting landowner; that after process was served upon it the company appeared and objected to being made one of the incorporators, and to the inclusion of its said right of way and depot grounds as a part of said drainage district. Upon the hearing, the district court overruled the company's objections, and made an order including its property within and making it a part of the district. From that order the company has appealed.

Its first contention is that the act is unconstitutional and void, because it attempts to confer upon the district court duties and powers not judicial in their character. In support of this proposition counsel cite *Dodge County v. Acom*, 61 Neb. 376, and *Tyson v. Washington County*, 78 Neb. 211. It must be observed that in those cases the legislature had conferred the power upon the county board to determine the question as to whether the proposed drainage improvement would be conducive to the public health and welfare, and it was held that this was an administrative function properly conferred upon the county board, and that the district court was without jurisdiction of that matter either original or upon appeal. The case at bar, however, presents such facts and conditions relating to the sufficiency of the procedure, and the character and quantity of the lands sought to be affected thereby, as may, and is likely, to be drawn in question and give rise to a judicial inquiry as to their existence.

So it was enacted that such inquiry shall be had as a preliminary step to the organization of the corporation and the existence of its corporate powers.

Manifestly, as it seems to us, the court in such a proceeding is called upon to exert no other than its ordinary judicial functions. The statute prescribes that, if certain steps have been taken and certain facts exist, a governmental corporation shall be deemed to have been created, not otherwise, and the court by the exercise of its usual powers and by the observance of judicial methods ascertains and determines that such steps have or have not been taken, or that such facts do or do not exist, and from these premises draws an inference or reaches a conclusion which it pronounces in a form of a judicial order or judgment in like manner and in like effect as in ordinary cases. The power of the legislature over the subject of procedure, within limits not impairing the inherent powers or jurisdiction of the courts, is not restricted, and it is competent to require, by statute, a preliminary judicial ascertainment of facts, the existence of which is made a condition precedent to the creation of a public corporation. The powers conferred upon the court by the act in question are analogous to those which have been upheld by the decisions of this court in proceedings to determine questions of fact involving the rightful inclusion or exclusion of tracts of land in or from the corporate limits of cities and villages. *City of Wahoo v. Dickinson,* 23 Neb. 426; *Young v. Salt Lake City,* 24 Utah, 321; *Forsythe v. City of Hammond,* 142 Ind. 505, 30 L. R. A. 576. So, without determining any other question which may be subsequently raised touching the validity or constitutionality of the act, we are of opinion that the appellant's criticism is not well taken, and so far as this point is concerned the act is constitutional.

Appellant's second contention is that the court erred in declaring it to be an incorporator of the drainage district, and its roadbed, right of way and depot grounds a part of said district. The act in question does not, in

express terms, provide for making a railroad company or a county a member of the drainage district; and it would hardly seem probable that it was the intention of the legislature that a public road, controlled by the county, or the right of way, railroad track or depot grounds of a railroad company, should be a part of a drainage district within the meaning of said act. From the nature of *quasi* public corporations, such as counties, and public service corporations, like railroad companies, it would seem clear that neither of them could become a member of a drainage district. From the very nature of their organization, and the powers conferred upon them by law, they would be unable to exercise the duties and claim the privileges required of and given to private owners of land situated within such district; and this thought is strengthened by the provisions of section 19 of the act, which reads, in part, as follows: . "That when ditch, drain or watercourse, located and established under this act, crosses or drains, either in whole or part, any public or corporate road, or any railroad, or benefits any or either of said roads, so that the roadbed or traveled track of any such road will be made better by the opening and construction of any such ditch, drain or watercourse, or the straightening of any watercourse, the board of supervisors shall apportion and set off to the county, if a county road, or to a company, if corporated, or a railroad, a portion of the costs and expenses, the same as to private individuals, and in proportion to the benefits conferred by said ditch, drain, or watercourse on said roads." Comp. St., ch. 89, art. IV, sec. 19. So it would seem that the law simply requires a railroad company, when its roadbed or right of way traverses the drainage district, to contribute to the cost or expense of the construction of the drainage improvement in proportion to the benefits thereby conferred upon it. Section 4 of the act provides for the filing of the articles of incorporation with the secretary of state, after the order of the district court is made declaring the dis-

trict to be a public corporation. Sections 5, 6, 7 and 8 provide for the election of a board of supervisors to govern the affairs of the corporation, and prescribe the powers and duties of such board; while section 13 provides, in substance, that after the drainage district shall have been organized, and the board of supervisors elected and qualified, they shall estimate and apportion the necessary expenses for the construction of the improvement, and to that end shall give notice of the time and place of hearing to all persons interested, or whose property will be affected thereby, who may appear before said board on the day set for hearing and file their objections to such estimate and assessment; that a hearing shall be granted, and after such hearing the board shall make a final order in the matter, fixing and declaring the several amounts which shall be paid by the said persons found by them to be benefited by the improvement. Section 17 provides for an appeal by any person aggrieved by the decision of the board to the district court. So we are of the opinion that the order of the district court, in so far as it adjudged the appellant's right of way, railroad track and depot grounds a part of said drainage district, was erroneous, and its determination on the question of benefits, if any such was had or made, was premature. It seems clear that neither a county nor a railroad company, under the circumstances shown to exist in the case at bar, is a necessary party to the proceeding in the district court to declare the drainage district a public corporation. It is also apparent that, when the supervisors come to assess the property of such a corporation for the cost of the improvement according to the benefits conferred, it is entitled to have notice of the proceeding and a hearing thereon, and it may appeal from the judgment or order of the board in making such assessment.

For the foregoing reasons, so much of the judgment of the district court as declares the appellant to be a member of the drainage district and its roadbed, right of way and depot grounds a part of said district is hereby reversed,

and in all other things said judgment or order of the district court is affirmed.

JUDGMENT ACCORDINGLY.