HENRY W. O'NEILL ET AL., APPELLANTS, v. JACOB ·F.
LEAMER ET AL., APPELLEES.

FILED MAY 17, 1913. No. 17,695.

1. **Drainage Districts:** ORGANIZATION: INJUNCTION. When the petition filed for the formation of a drainage district, under article IV, ch. 89, Comp. St. 1909, and the proceedings thereunder are sufficient to give the district court jurisdiction of the subject matter, and an order is entered therein declaring the organization a public corporation of this state, as provided in the third section of that act, the supervisors of the district, duly elected, cannot be enjoined from proceeding with the work for which the district was organized on the ground of irregularities in the organization thereof.

2. ———: PUBLIC CORPORATIONS. A drainage district organized under article IV, ch. 89, Comp. St. 1909, is a public corporation.

3. **Public Corporations:** ORGANIZATION: CONSENT OF PUBLIC. When a public corporation is organized for subordinate governmental purposes, such as a village, township, city, or drainage district, it is not necessary that all of the people embraced within the corporate limits should consent to incorporation. The legislature has power to provide for such incorporation by the required number of inhabitants and property owners therein without the unanimous consent of all.

4. **Drainage Districts:** RIGHT OF EMINENT DOMAIN. Condemnation proceedings are allowed under said statute (section 12) when the "board of supervisors are unable to agree with the owners" of the property. When the condemnation proceedings and the work thereunder are enjoined on the ground that the drainage district has no legal organization, and that no right exists to take the land for such purpose, and there is no evidence that the plaintiffs seeking the injunction are, or ever have been, willing to grant the right of way upon any terms, it sufficiently appears that the parties cannot agree.

5. ———: INJURY TO LAND: INJUNCTION. If lands not taken by the condemnation proceedings are damaged by the improvement, the law provides an adequate remedy. The owners of lands so damaged are not entitled to enjoin the prosecution of the work on the sole ground that the damaged lands are not included in the condemnation proceedings.

6. ———: LANDS SUBJECT TO DRAINAGE ACT. Under the statute in question, a district may be formed for the purpose of having

swamp and overflowed lands "reclaimed and protected from the effects of water, by drainage or otherwise." Section 1. To provide a drain to prevent water from flowing onto swamp lands is to protect such lands from the effects of water as contemplated by this statute.

7. **Eminent Domain:** PETITION: DRAINAGE DISTRICT. The supervisors must file a petition for condemnation "setting forth the location and character of the right of way needed, and describing the lands to be crossed." Section 12. If a petition is filed in county court showing the starting point of the proposed ditch and the lands it will cross, stating the government subdivisions, it is sufficiently definite in that regard to give the county court jurisdiction to appoint the appraisers, and, if the damages assessed by the appraisers and the orders of the court thereon are not appealed from, they are not subject to collateral attack on the ground that the location of the ditch is not sufficiently set forth in the petition.

APPEAL from the district court for Dakota county: GUY T. GRAVES, JUDGE. *Affirmed.*

*William V. Allen, M. D. Tyler* and *William L. Dowling,* for appellants.

*A. C. Strong* and *R. E. Evans, contra.*

SEDGWICK, J.

These defendants and other citizens of Dakota county applied to the district court for that county to organize a drainage district under the provisions of article IV, ch. 89, Comp. St. 1909. The court made the order organizing the district under the title "Drainage District No. 2 of Dakota County, Nebraska." Afterwards, these defendants were chosen as supervisors of the district, and began condemnation proceedings in the county court of Dakota county to obtain a right of way to their drainage canal across lands of these plaintiffs. The plaintiffs then began this action in the district court for Dakota county to enjoin the defendants from proceeding further to construct the ditch across the plaintiff's land. Upon trial, the court found in favor of the plaintiff Elizabeth Leahy, and

against the plaintiffs O'Neill and Heffernan, and entered a decree dissolving the temporary injunction as to the last two named plaintiffs, and the plaintiffs O'Neill and Heffernan have appealed.

The pleadings are lengthy and involved, and, so far as we can see, contain considerable unnecessary and immaterial matter. A large number of questions are presented and discussed at length by the appellants, but we feel constrained to confine our discussion to the more important ones.

The plaintiffs contend that the drainage district was not regularly organized, and seem to insist that the proceedings were so defective that the court was without jurisdiction, and the district is not even a *de facto* corporation. The objections suggested, however, relate to supposed defects in serving of notice on some of the parties interested in the formation of the district, and other similar matters, none of which is of sufficient importance to affect the jurisdiction of the court or subject its judgment to this collateral attack.

The objection that the order incorporating the district was erroneous because some of the property included in the district was not sufficiently described might have been raised upon the hearing of the petition for the formation of the district, and upon appeal from the order, but cannot be insisted upon in this collateral proceeding.

Another contention of the plaintiffs is that, under our statute, a drainage district is not a public corporation, and that the attempt to give it the power of eminent domain is unconstitutional. The argument upon this point is interesting; but in view of the fact that this question has heretofore been fully considered by this court and determined adversely to the contention of the plaintiffs, and that the legislature has from time to time for many years past established and declared a public policy which is inconsistent with the view that these organizations are purely private corporations, and in view of the fact that other questions presented in this case are not so well

settled and will require somewhat lengthy discussion, we do not consider it advisable to review the grounds of our former decision. *Neal v. Vansickle,* 72 Neb. 105; *Barnes v. Minor,* 80 Neb. 189; *State v. Hanson,* 80 Neb. 724; *Drainage District No. 1 v. Richardson County,* 86 Neb. 355, 365.

The plaintiffs contend that it is not within the power of the legislature to authorize a portion of the property owners in a proposed drainage district to force others in the district to consent to the incorporation and to "bear the burden and liability of such an organization." No authorities are cited upon this proposition, and we doubt whether any can be found. The same objection would apply to the organization of counties, townships, villages, and other similar subordinate public corporations.

It was also objected that there was no lawful attempt by the drainage district to agree with the plaintiffs as to a right of way over their lands before beginning the condemnation proceedings. One of the parties interested in this land testified that the attorney for the district offered $150 an acre for the land appropriated, and "I don't think I accepted it; I think I said I could not accept it. I don't remember what I said." It appears from the plaintiffs' petition and the evidence that the officers of the district were made to understand that these plaintiffs resisted the right of the district to purchase a right of way across the land. None of the parties interested testified that they were ready and willing to grant a right of way. The appraisers appointed by the county court fixed the amount of the condemnation money, and there is no serious objection to the amount so fixed as unjust or unreasonable. The briefs of the plaintiffs do not refer to any evidence of that nature. There is therefore no merit in this objection.

The plaintiffs contend that the condemnation proceedings were void because they do not condemn and take certain lands of the plaintiff O'Neill which would be flooded by the waters of the ditch. If the plaintiffs' lands, other than those taken by the condemnation proceedings,

are damaged by this improvement, the law affords them a remedy, including the right of appeal to the court of last resort. The statute provides that "the same proceedings for condemnation of such right of way shall be had in all other respects, as is provided by law for the condemnation of rights of way for railroad corporations, the payment of damages and the rights of appeal shall be applicable to the drainage ditches and other improvements provided for in this act." Section 12. The law is well settled in such case by many decisions of this court. When the remedy at law is adequate, the prosecution of the work cannot be delayed by injunction.

Another contention on the part of the plaintiffs is that a drainage district has no power to condemn and take the land of a private citizen for the purpose of constructing a ditch outside of the district, and to "take water before it reached the swamp or submerged lands within the district and carry it across the private property of a private citizen and empty it into a private lake." It is not seriously contended that the proposed ditch will "empty it into a private lake." *Campbell v. Youngson,* 80 Neb. 322, and, upon rehearing, 82 Neb. 743, is cited, but that case construed another statute. The statute controlling in the case at bar provides that a district may be formed for the purpose of having swamp or overflowed lands "reclaimed and protected from the effects of water, by drainage or otherwise." Section 1. This language clearly covers this objection.

It is objected that the application for condemnation did not describe and locate the proposed ditch with sufficient accuracy. The statute requires that, when the supervisors "have agreed upon a location or route for said ditch or ditches and formulated a plan for the other improvements contemplated, then they * * * may present to the judge of the county court of the county in which said land, easements or franchise are situated, a petition setting forth the location and character of the right of way needed and describing the lands to be crossed." Section 12.

O'Neill v. Leamer.

The application for condemnation described the proposed right of way over each government subdivision of the lands of these plaintiffs substantially as follows: "A right of way 200 feet in width, being 100 feet on each side of the center line of said Elk Creek Cut-off. Ditch as now located, over and across lot 4 or the southeast quarter of the southeast quarter of section 29, township 29, range 8, being 5.8 acres, Henry W. O'Neill, owner." The starting point appears to be definitely stated in the petition. The evidence shows that the line of the proposed ditch was definitely located by the surveyors and was marked with stakes. When the drainage board went over the land the stakes were still in place. Some of them were missing when the appraisers viewed the land. The drawings, which the appraisers had, showed the exact location of the proposed ditch. There is nothing to indicate that the appraisement of damages was in any way affected by any supposed uncertainty as to the location. The county court had power to correct any irregularities in the method of appraisement. If by reason of the difference in the statute from that construed in *Trester v. Missouri P. R. Co.,* 33 Neb. 171, that case is not to be regarded as decisive of the case at bar upon this point, which we do not decide, it seems clear that the application was sufficiently definite to give the county court jurisdiction of the proceedings. Errors, if any, not affecting the jurisdiction of the court should have been corrected in that court or upon appeal.

We have not found any errors in the record requiring a reversal of the judgment of the district court. It is therefore

AFFIRMED.

FAWCETT and HAMER, JJ., not sitting.