LE ROY HALL ET AL., APPELLANTS, V. CRAWFORD COMPANY
ET AL., APPELLEES.

FILED OCTOBER 17, 1913. No. 17,286.

**Eminent Domain:** INJURY TO PROPERTY: REMEDY OF OWNER. An owner of property, who knowingly permits a corporation, having the power of condemnation for a public purpose, to use or damage such property therefor, may be limited to his remedy for damages.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Allen G. Fisher* and *William P. Rooney,* for appellants.

*Albert W. Crites* and *J. W. Hartwell, contra.*

ROSE, J.

This is an application for an injunction to prevent defendants from diverting water from the White river above the city of Crawford, Dawes county. The original petition was filed by Le Roy Hall March 2, 1897. Below Crawford he had built a dam across the stream and had used the water-power to operate a mill. As a riparian proprietor he asserted rights superior to the claims of defendants. The Crawford Company, defendant, was seeking a franchise to supply the municipality and its inhabitants with water, and for that purpose had constructed a dam across the same stream above the town. Crawford, though now a city, was then a village. It is one of the defendants. On plaintiff's petition the village was temporarily enjoined from granting to the Crawford Company a franchise for the purpose stated. For 14 years there was no attempt on the part of plaintiff to prosecute his suit to final decree. In the meantime he and the Crawford Company were parties to another suit involving the waters of the White river. *Crawford Co. v. Hathaway,*

67 Neb. 325.  In the present case Samuel Swinbank, Peter
L. Raben, Emil Raben and Fred Macumber, claiming to
be plaintiff's successors in interest, filed an amended and
supplemental petition July 7, 1911, praying that judgment
be rendered in their favor for damages in the sum of
$12,000; that for their protection the preliminary in-
junction which had been granted in favor of plaintiff and
against the village of Crawford, March 3, 1897, be ex-
tended to the city of Crawford, and that its officers be en-
joined from diverting water from the White river.    To
this amended and supplemental petition defendants filed
answers.   Upon a trial of the issues joined, the court be-
low dismissed the action.    The last named petitioners
have appealed.

Did the trial court err in denying the relief sought?
Without reference to the evidence, the amended and sup-
plemental petition shows on its face that as early as July
10, 1907, the city made use of the waters of the White river
for municipal purposes.   It still continues to do so.   Hall
and his successors had knowledge of the facts.   They
knew of the improvements which the village and the city
necessarily made before taking water from the White
river for the benefit of the municipality and the inhabit-
ants thereof.   Hall's petition alleged that the Crawford
Company had diverted water from the river above the
village before August 7, 1895.  The village and the city had
power to condemn property rights necessary to a public
water system and to grant to a corporation a franchise
to supply the city and its inhabitants with water.  Comp.
St. 1895, ch. 14, art. I, sec. 69, subd. 15.   For many years
Hall and his successors in interest, with knowledge of the
facts, but without any effort to adjudicate in this suit the
rights they now assert, permitted the municipality to
expend public funds in diverting and in distributing water
from the White river for public purposes.  The dismissal
of the case, therefore, was proper, under the principle of
law that an owner of property, who knowingly permits a
corporation, having the power of condemnation for a

public purpose, to use or damage such property therefor, may be limited to his remedy for damages.

AFFIRMED.

BARNES, FAWCETT and HAMER, JJ., not sitting.