REQUESTED BY: Senator Chris Beutler 1107 State Capitol Lincoln, NE 68509
Dear Senator Beutler:
This is in response to your inquiry of May 14, 1985, concerning Legislative Bill 516 and our previous opinion in regard thereto.
For our answer, you asked that we assume that the Lamb Amendment to this bill has been stricken and that the Commission on judicial workloads is empowered as set out in Amendment No. 1408 to change the number of election districts, boundaries of the election districts, and the number of judges who will serve in each election district.
Nebraska Supreme Court cases discussed in Opinion No. 51 of 1985 have stated that it is elementary in an interpretation of Article II, Section 1 of the Constitution that the Legislature may not delegate legislative power to the courts nor impose upon them non-judicial duties.
Also, as pointed out in that opinion, the law is well established that the establishment of boundaries of political subdivisions is purely a legislative function.
While we discussed cases which have held that this legislative function may be delegated to a subordinate agency, providing the Legislature prescribes the manner and standards under which the power of the designated agency may be exercised, it is apparent with your amendments that this authority needs to be clarified.
One of the landmark cases in this area is a Nebraska case decided in 1929, Searle v. Yensen, 118 Neb. 835,226 N.W. 464, 69 A.L.R. 257. As you will note above, this case is reported and discussed with cases from other states in 69 A.L.R.
As that case points out, the delegation of legislative power must be distinguished as to whether the governmental subdivision, commissions, etc. to which it is delegated is also of a type possessing legislative functions. Thus, the Legislature may not impose upon the judiciary or the executive the performance of acts or duties not properly belonging to those departments respectively. This does not mean that the Legislature may not impose upon other departments the performance of new and additional duties, but the duties so imposed upon either must be of the character and quality which such departments are authorized or may be required to perform.
Thus, it has been held uniformly in Nebraska that the Legislature may pass a law or delegate a function, to a court, which hinges upon the ascertainment of certain facts. The ascertainment of the facts is considered to be a judicial function, but if there is imposed upon the court a political or policy question to also be determined, that is considered a legislative function, and cannot be done. Later cases to the same effect are Neeman v. Nebraska Natural Resources Commission, 191 Neb. 672; CRT Corp. v. Board of Equalization, 172 Neb. 540.
In Searle v. Yensen, discussed above, the court analyzed the statute in part as follows:
Let us then inquire of the nature of some of the duties imposed upon the district court by the sections under attack. They are set forth in § 4 and are as follows:
(1) To determine from the testimony adduced at the hearing whether or not the district should be incorporated;
(2) Whether the suggested boundaries are reasonable and proper for the public convenience and welfare;
(3) Change, alter and fix the boundary lines of such district with the end in view of promoting the interest thereof and its units; and
These questions are all political and legislative in their nature. The duty of courts is to declare the law as established by the Legislature, not to make it. That the Legislature may condition the operation of the law upon the existence of certain facts, and may submit to the courts the determination of those facts, is well established. Barnes v. Minor, 80 Neb. 189, 114 N.W. 146.
The present bill provides in § 6, subsection (2) the criteria which the Commission must consider before determining the number of election districts, the boundaries of the election districts, and the number of judges who will serve in each election district. These guidelines are as follows:
(a) The caseload in each election district, taking into consideration the (i) number of cases filed, (ii) number of reopened cases, (iii) number of cases tried to the court, (iv) number of cases tried to a jury, (v) number of dissolution of marriage cases, (vi) number of criminal cases with guilty pleas, (vii) number of judges in the election district, and (viii) number of counties served in each election district;
(b) The population in each election district, in order to promote equal access to the courts by all Nebraska citizens;
(c) The geographic area of each election district, in order to promote accountability and equal access to the courts by the traveling public;
(d) The nature and extent of facilities and staff to assist the court in performing its duties at the various service locations; and
(e) Other factors necessary to assure efficiency, service, and the most effective use of existing judges.
While the above guidelines would be very helpful in determining what should be done, they do not set forth specific facts which must be ascertained before certain action may be taken, but, on the contrary, leave the action to be taken largely in the discretion of the Commission. This is, then, clearly the delegation of a legislative function.
The more difficult question as to this amendment, then, is whether the recipient of this delegation is a subordinate body to the Legislature, as discussed in previous Nebraska cases, see McDonald v. Rentfrow, 176 Neb. 796 and cases there cited, or whether the legislation would attempt to impose upon members of the judiciary duties not properly belonging to that department. The Nebraska cases which have authorized the delegation of legislative functions to a subordinate body of the Legislature have involved school boards, county boards and other governing boards of governmental subdivisions, all of which by nature have legislative functions. See also, Schutte v. Schmitt, 162 Neb. 162, and cases there cited. We have been unable to find any Nebraska case involving a parallel situation to that here in question where legislative duties are imposed upon a body created by the Legislature composed in part by members of the judiciary.
Extensive research as to the rest of the United States has revealed one similar case decided by the Supreme Court of Michigan. In Dearborn Township v. Dearborn Township Clerk, 334 Mich. 673, 55 N.W.2d 201, a statute provided that the township board in townships under 5,000 in population was to be composed of two justices of the peace of said township and three other persons, and in townships over 5,000 in population, the township board was to be composed of four justices of the peace and three other persons. Michigan contains a constitutional provision almost identical to the Nebraska Constitution, Article II, Section 1.
The Michigan Supreme Court, after determining that the township board must exercise legislative and administrative powers, stated as follows:
On its face, therefore, section 70, supra, to the extent that it constitutes justices of the peace members of the township board is a violation of article 4, § 2, which provides that no persons belonging to one department shall exercise the powers properly belonging to another.
From the time of the Federalist papers, the United States supreme court and other United States jurisdictions have reaffirmed that keeping the 3 great branches of government separate and distinct from each other is essential to the maintenance of a republican form of government. This principal has become axiomatic.
The Michigan court then went on to explain how it was reluctant to declare it unconstitutional, since it had a strong presumption of validity and especially since the statute had been on the books for over 100 years. However, the court concluded by stating: "As a minority on the township board, the justices would be exercising part of the legislative power on the board and thus are sitting unconstitutionally, but as a majority they might usurp all of the legislative power of the board . . . in accordance with the main current of Michigan authority, the instant statute, insofar as it provides that justices of the peace be made members of township boards, is unconstitutional."
The Michigan Constitution, as indicated above, contained the following words identical to the Nebraska Constitution: "no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others". The court stated that this was clear and unambiguous and left no room for argument.
In principle, we can see no difference from the situation in that case from that in your proposed amendment in that persons who are members of the judiciary would be called upon to exercise legislative functions, although, in neither case, would they be acting as judges of their courts at the time of doing so.
In light of the constitutional provision and the foregoing decision, we are of the opinion that we would have difficulty defending the constitutionality of members of the judiciary being called upon to exercise legislative functions as provided by Amendment 1408 to LB 516.
Sincerely,
ROBERT M. SPIRE Attorney General
Mel Kammerlohr Senior Assistant