(No. 18954.—

THE PEOPLE *ex rel.* George F. Harding, County Collector, Appellee, *vs.* THE CHICAGO AND NORTHWESTERN RAILWAY COMPANY, Appellant.

*Opinion filed October 25, 1928.*

BRUNDAGE, LANDON & HOLT, (ROBERT N. HOLT, of counsel,) for appellant.

ROBERT E. CROWE, State's Attorney, ROBERT C. O'CONNELL, and JAMES F. CLANCY, (HAYDEN N. BELL, of counsel,) for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

Appellee, as county collector of Cook county, filed his application in the county court for judgment and order of sale of lands for the delinquent general taxes for the year 1926. Appellant herein, as one of the property owners in the county of Cook, filed objections to the application, alleging, among other things, certain objections to the taxes levied and extended for the county of Cook, and objections to certain other taxes levied and extended for the Forest Preserve District of Cook county. Upon a hearing these objections were overruled and judgment was entered, ordering the sale of defendant's property for the unpaid portion of the taxes. From this final judgment of the county court appellant has appealed to this court.

As to the taxes for the county of Cook, it appears that the county levied, and the county clerk extended, a tax for two series of bonds known as series "V" and "W." As to these two series of bonds, objection was made that they were issued under an ordinance which provided that they should not be issued until June 1, 1927; that the first interest thereon would be due in December, 1927, and the first principal would be due June 1, 1928. Objection was made to the tax in the year 1926 to pay the principal of the bonds for the reason that no part of the principal would be due until June 1, 1928, and that any levy for such principal in the year 1926 would be unauthorized and illegal.

Taxes are levied because they are necessary to defray the expenses of the government and not for the purpose of enriching the public treasury. The unnecessary accumulation of money in the public treasury is unjust to the people, because it deprives them of the use of the money taken from them for a considerable period, and it is impolitic, as it may tempt those having the custody of the funds to use them improperly. It is against the policy of the law to raise taxes faster than they are likely to be needed. (*People* v. *Atchison, Topeka and Santa Fe Railway Co.* 261 Ill. 33; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 208 id. 9.) It is not necessary, however, for taxing authorities to wait until the money is actually needed for paying outstanding obligations before taxes may be levied. They have the right to, and should, anticipate, as far as they can, the amount of money necessary to be raised to meet the cost of operating the political subdivision for which they are the taxing authorities and to arrange to have on hand sufficient funds to meet the obligations when they become due. (*People* v. *Crear,* 300 Ill. 611.) The question of the proper amount of taxes to be raised for current county expenses is committed to the reasonable discretion of the county board, and courts will only interfere to prevent a clear abuse of this discretion. The presumption is

that the county board has properly discharged its duty, and the burden rests upon a tax-payer objecting to a tax to overcome this presumption by evidence. (*People* v. *Chicago and Eastern Illinois Railway Co.* 306 Ill. 402.) In the instant case it appears that on May 31, 1926, the county treasurer had only turned over to the various taxing bodies $100,000,000 out of a total levy of $150,000,000, and that on May 31, 1925, the then county treasurer had only turned over $29,000,000 out of a like total. Taking these two years as a basis, it would seem to be necessary for the county board to levy these taxes in 1926 to have sufficient funds on hand June 1, 1928, to pay in full the bonds accruing on that date.

The levy ordinance upon which the Forest Preserve District tax was extended calls for a levy of $174,250, purported to be authorized under an act entitled, "An act to enable forest preserve districts to re-pay money received from the sale of defective bonds of the district in certain cases," approved June 30, 1925. Objection is made to the taxes levied and extended for this item of $174,250, purported to be authorized under this act, on the ground that the act is unconstitutional and void, as being in violation of section 13 of article 4 of the constitution, which provides: "No act hereafter passed shall embrace more than one subject, and that shall be expressed in the title." It is contended by appellant that anyone looking at this title would immediately conclude that the district had received certain money from bonds which were defective and wished authority to pay back that same money to the people who had paid it in to the Forest Preserve District for the bonds. We do not think that any person at all cognizant with the financial affairs of municipal corporations and *quasi* municipal corporations authorized to levy taxes would be misled by the title, but, on the contrary, would know that it was highly improbable that the Forest Preserve District, which had sold bonds which at the time of the sale were believed

to be good, would keep the money received from the sale of each individual bond separate, so that it would be possible to re-pay that same money to the person from whom it had been received, but, on the contrary, would know that in the ordinary course of events the money received from the sale of the bonds would be used by the Forest Preserve District for the purposes for which the sale of the bonds was authorized, and that in all probability the bonds, or at least some of them, would have changed hands after their original purchase. This construction of the word "re-pay" in the title of the act is amply warranted by the definition of that word in Webster's New International Dictionary. The provisions of the act are germane to the purpose expressed in the title of the act, and the act is not unconstitutional as embracing subjects not expressed in the title.

It is also contended that the act of 1925 seeks to amend the provisions of the Revenue act without proper reference thereto, as provided by the constitution. This act, being complete within itself as to the purpose for which it was enacted, will stand, notwithstanding other statutes are modified by it and not set out in the act otherwise than by reference. The effect of such reference is the same as though the statute or the provisions adopted had been incorporated bodily into the adopting statute. (*People* v. *Kramer,* 328 Ill. 512; *Hagler* v. *Small,* 307 id. 460.) The act in question is very similar to validating acts which have so frequently been held to be constitutional.

The county court of Cook county properly overruled appellant's objections to the taxes in question, and its judgment will be affirmed.

*Judgment affirmed.*