## THOMAS L. HOLMES ET AL.
*vs.*
## MONROE L. BECKWITH ET AL.

Superior Court      New London County      File No. 14837

MEMORANDUM FILED JULY 22, 1942.

*Jesse Greenes,* of New London, for the Plaintiff.

*Arthur Barrows,* of New London, for the Defendant.

Memorandum of decision in taxpayers' action.

BALDWIN, J. The plaintiffs are residents and taxpayers of the Town of Waterford. The named defendant is the first selectman of the town and the defendant, Thomas F. Horen, is the tax collector, and the other defendants are members of the board of finance of the town.

At the end of the fiscal year, August 31, 1941, the town had a cash surplus amounting to $54,153.93 on hand and thereafter, as required by law, the board of finance prepared and caused to be published a budget for the town for the fiscal year ending August 31, 1942. This budget disclosed that this surplus of $54,153.93 had been deducted by the board of finance from the amount of the gross estimated requirements of the town for the ensuing year, in order to determine the amount required to be raised by local property taxes, and thereafter, on September 20, 1941, this budget was submitted to the annual town meeting, and by vote of this town meeting was approved. Thereafter, on March 9, 1942, the board of finance laid a tax rate of 22 mills upon the grand list, for the purpose of raising taxes sufficient to meet the gross estimated

requirements of the town, without deduction from such requirements of the cash surplus on hand.

The plaintiffs claim that it was the duty of the board of finance, in determining the amount necessary to be raised by taxation and in fixing the tax rate, to deduct from the amount of the gross requirements for the ensuing fiscal year the amount of the cash surplus on hand, and that the failure to make such deduction results in the taxpayers having to pay an excessive rate upon their respective taxable properties, amounting to approximately four or five mills, and to the creation and maintenance of a surplus fund, and that such results are not within the reasonable limits of the taxing power.

The statute, section 87c of the 1935 Cumulative Supplement to the General Statutes, after defining the duties of the board of finance with reference to the preparation and submission of the annual budget, provides as follows: "Immediately after the board of relief has finished its duties and the grand list has been completed, the board of finance shall meet and, with due provision for estimated uncollectible taxes, abatements and corrections, shall lay such tax on such list as shall be sufficient, in addition to the other estimated yearly income of such town and in addition to such revenue surplus, if any, as may be appropriated, not only to pay the expenses of the town for such current year, but also to absorb the revenue deficit of such town, if any, at the beginning of such current year."

The term "such revenue surplus, if any, as may be appropriated", means cash on hand which may be the subject of appropriation by the board of finance together with other estimated yearly income, if any, including income from taxation.

Under this provision of the statute, in laying the tax it becomes the duty of the board of finance to take the amount of its estimated expenditures for the ensuing year, plus its revenue deficit, if any, and from such total amount, deduct the amount of surplus (funds on hand), if any, and also deduct any other estimated income for the ensuing year which the town may have and then, estimating uncollectible taxes plus abatements and such additions or deductions, as the case may be, determine the amount required to be raised by taxation and the rate of such tax.

The words, "and in addition to such revenue surplus", used in the provision above quoted, clearly indicate that it was the

intention of the Legislature that when a surplus existed to provide that the taxpayers should have the benefit of such surplus by including it in the budget setup and deducting it from the amount of the estimated expenditures thereby reducing the current levy upon the taxpayers' property.

It is against the policy of the law to raise taxes faster than the money is likely to be needed by the government. *People vs. Chicago & N. W. Ry. Co.*, 331 Ill. 544, 546, 163 N.E. 355, 356; *People vs. Sandberg Co.*, 277 Ill. 567, 570, 115 N.E. 741, 743; *State ex rel. Johnson vs. St. Louis-San Francisco R.R. Co.*, 315 Mo. 430, 286 S.W. 360. In the absence of statutory authority, a tax cannot be levied for the sole purpose of accumulating funds in the public treasury, such as for remote or future contingencies that may never occur; nor can it be levied in excess of the amount required for the purpose for which it is levied, with the intention of using the excess for another purpose. 61 *C.J. Taxation* §681, and cases cited.

Subject to the restriction that the constitutional or statutory requirements be complied with in regard to the manner or mode of determining and fixing the amount or rate of the tax and as to the limitation of such amount or rate, the amount levied should be commensurate with public needs, and such a rate of taxation should be fixed as will produce the amounts required to be raised; and is illegal as to any excess over the amount necessary to produce the funds required to be raised. Within these limitations the levying board, provided it uses sound business judgment, may exercise a reasonable discretion in determining what amount or rate of taxes shall be raised for any general or particular purposes; and in determining such amount it should consider and deduct funds on hand which are available and applicable to the purpose or purposes for which the tax is being levied. 61 *C.J. Taxation* §696, and cases cited.

Funds held by a municipality, whether raised by taxation or otherwise, are in the nature of trust funds and the officials holding or dispersing them act as trustees for the benefit of its inhabitants and statutes defining duties of such officials are strictly construed in favor of the taxpayers.

It was the duty of the board of finance in this case to deduct the surplus amounting to $54,153.93 from its estimated expenditures for the fiscal year of 1942, and fix the tax rate accordingly.

It further appears that occasions have arisen in which some department or some office has need for more money than was appropriated for such department or office and that the board of finance, in a given fiscal year, has made appropriations for such department or office approximating $2,500 without action thereon by the town, such appropriation having been made by installments each not exceeding $500 and voted at successive meetings of the board.

Section 421 of the General Statutes, Revision of 1930, provides: "Should any occasion arise whereby more money is needed for any department of the town than has been appropriated as provided for in this chapter, the selectmen shall notify the board of finance of such fact, and the chairman of such board shall forthwith call a meeting thereof to consider the appropriation for such department and the board may make the necessary appropriation therefor, after inquiry, but, if the amount required shall exceed five hundred dollars, such appropriation shall not be made until, upon the recommendation of the board, the same shall have been voted by the town at a meeting called for such purpose."

It was the intention of the General Assembly that the boards of finance in the various towns in the preparation and submission of their respective budgets should recommend the appropriation of such amount of money for the use of the several departments of their respective towns for the ensuing year as was estimated such respective departments required for the conduct of its business and that if occasion arose in any department whereby more money was needed for any department, if the amount needed did not exceed $500 the board of finance, in such town, could make such appropriation without action thereon by the town, but, if the amount exceeded $500 the appropriation could not effectively be made without having been voted upon by the town at a meeting called for that purpose.

This does not permit of appropriations being made in installments of $500 or less by a board of finance and without submission to be voted on at a meeting of the town called for that purpose where the amount needed by a department is in excess of $500 and the selectmen should draw no order on the treasurer of the town unless the appropriation has been made in conformity with the provisions of the statute.

The parties have stipulated (1) that a permanent injunc-

tion may issue enjoining the board of finance of the town of Waterford from making further appropriations during the fiscal year ending August 31, 1942; and (2) enjoining the first selectman from issuing further checks or orders for payment of any sums appropriated by the board of finance unless such sums were or are also appropriated at a town meeting; also (3) that a permanent injunction issue requiring the board of finance and its clerk to keep its records of its meetings up to date and in the town clerk's office so that the same may be open and available for public inspection at all reasonable hours.

As to the authority of the court to grant a permanent injunction of the character stipulated for restricting any appropriation and the drawing of any order, I have very grave doubt. A situation conceivably might arise in which the need of an appropriation and the payment of money was very immediate and compelling and to be met with an injunction of such character might result in hardship. Certainly it is not to be expected that either the board of finance or the first selectman will, in the discharge of their respective duties, act other than as the statutes, as construed, provide, especially in view of the penalty provided in section 422 of the General Statutes, Revision of 1930, for violation of any provision of the chapter of which that section is a part.

As to the permanent injunction stipulated for, requiring the board of finance and its clerk to keep its records of the minutes of its meetings up to date and in the town clerk's office so that they may be open and available for public inspection at all reasonable hours, the court calls attention to section 87c of the 1935 Cumulative Supplement to the General Statutes, wherein the following is provided: "The board shall prescribe the method by which and the place where all records and books of accounts of the town, or any department or subdivision thereof, shall be kept." The Legislature, by this provision, has taken care, in part at least, of what the parties have stipulated for and in view of this provision the court cannot direct that the records of the minutes of the meetings of the board of finance shall be kept in the town clerk's office. These minutes are public records; they should be promptly recorded, and, being public records, they should be kept in a safe place, suitable for the protection and preservation of public records and available for public inspection.

It would seem that a permanent injunction for any of the

purposes stipulated for was unnecessary and in some respects improper and in others inadvisable. If, however, the parties or either of them desire to confer with the court upon any of these elements of the case the court will cooperate.

The answer to the first question submitted in the stipulation is: The cash surplus in the general fund at the end of the fiscal year should be applied in reducing the amount of the estimated expenditures for the ensuing year in order to determine the rate of tax to be laid upon the taxable property for such year.

The answer to the second question submitted in the stipulation is: The board of finance may make an appropriation of not more than $500 for any one purpose or department when needed without submitting it to the town to be voted on at a meeting held for that purpose. It may not, however, make appropriations in so-called installments of $500 or lesser amounts and thereby avoid submission of such appropriation to a meeting of the town when a larger amount is needed.

The answer to the third question submitted in the stipulation is: The board of finance during any fiscal year may appropriate more than $500 to any one department, when needed, but in such event such appropriation should be made and submitted to the town to be voted on at a meeting called for that purpose.

If the parties or either of them do not desire to confer with the court upon the question of substance or form of any injunction herein, upon advice to the clerk of such fact within ten days, judgment may enter in accordance herewith.