H E. COCHRAN, APPELLEE, V. F. J. MORIARTY,
APPELLANT.

FILED APRIL 4, 1907.   No. 14,955.

1. Petition examined, and *held* to state a good cause of action.

2. Trial: PRACTICE. In a case tried to the court, after the plaintiff has submitted his case and at the time of the announcement of the judgment, the court may, in the exercise of a sound discretion and in furtherance of justice, set aside the judgment, allow the plaintiff to withdraw his rest, and introduce further evidence.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Fawcett & Abbott* and *P. A. Wells,* for appellant.

*A. S. Churchill, contra.*

OLDHAM, C.

This was an action by plaintiff in the court below upon an appeal undertaking, signed by the defendant as surety in the court of a justice of the peace of Douglas county, Nebraska. Judgment was rendered in the district court against the appellant, and this action was begun to recover the amount of the judgment and costs against the surety on the undertaking. There was a trial to the court, without the intervention of a jury, and judgment for the plaintiff, and defendant appeals to this court.

The first alleged error called to our attention in the brief of the defendant is that the petition fails to state a cause of action, because it simply alleges that a final judgment was rendered on the appeal in the district court for Douglas county, without alleging the fact that such judgment was never appealed from, modified, or reversed. The petition set up the conditions of the bond and alleged their breach by a final judgment of the district court. This was all that was necessary in stating a good cause of action. If the judgment of the district court had been subsequently reversed, modified or set aside, such fact·

should have been pleaded by defendant in avoidance of his liability.

The next alleged error called to our attention is as to the action of the trial court in the conduct of the case. The case proceeded to a hearing before the court on the 12th day of October, 1906. When the hearing was completed, the judge of the court announced its findings and judgment in favor of the appellee for $83.95, being the face of the judgment and the interest thereon. After this judgment was announced, the appellant filed a motion for a new trial, and appellee asked leave of the court to withdraw his rest for the purpose of offering proof as to the amount of costs prayed for in his petition. The court, over appellant's protest, granted the leave to withdraw the rest, and continued the hearing of the cause to the 23d day of October following, when plaintiff was permitted to introduce the journal entry of the court, showing the costs taxed in the appeal proceedings from the justice of the peace. At the conclusion of the hearing the court entered judgment for the plaintiff for $116.68, the amount of the judgment, interest and costs taxed in the appeal proceedings. While the practice of allowing a rest to be withdrawn, after a final submission of a cause and an announcement of the judgment of the court thereon, may be unusual, yet the court has a sound discretion in dealing with its own judgments at the term at which they are entered, and when, as in the case at bar, the final judgment entered is the only one that could have been properly rendered under the law and the evidence, we do not think we would be justified in ordering a retrial of the issues.

We therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.