CHARLES WINKLER, APPELLEE, V. CITY OF HASTINGS, APPELLANT.

FILED OCTOBER 9, 1909. No. 15,456.

1. **Cities: LEGISLATIVE POWERS: DETACHING TERRITORY.** The power to prescribe the conditions on which territory may be detached from a city is legislative.

2. ———: ———: **CONSTITUTIONAL LAW.** Where legislative power to detach territory from a city has been delegated by statute to the mayor and council, an appeal from the action of that body in refusing to disconnect particular tracts cannot be made the means of transferring such power to the district court.

APPEAL from the district court for Adams county: ED L. ADAMS, JUDGE. *Reversed and dismissed.*

*John M. Ragan* and *W. F. Button,* for appellant.

*R. A. Batty, contra.*

ROSE, J.

Several parcels of plaintiff's agricultural land, each containing more than five acres, were detached from the city of Hastings by decree of the district court, and this is defendant's appeal therefrom.

In severing the land from the municipality the trial court assumed to exercise a power conferred by section 4 of the Hastings charter. Comp. St. 1901, ch. 13, art. III, sec. 4. When the legislature convened in 1903 that section was in this form: "The corporate limits of such city shall remain as heretofore, and the mayor and council may by ordinance include therein all the territory contiguous or adjacent which has been by the act, authority or acquiescence of the owners subdivided into parcels containing not more than five acres, and the mayor and council shall have power, by ordinance to compel the owners of lands so brought within the corporate limits to lay out streets, ways, and alleys to conform and be continuous

with the streets, ways and alleys of such city (and they may vacate any public road heretofore established through such land), when necessary to secure regularity in the general system of its public ways." Comp. St. 1901, ch. 13, art. III, sec. 4. To the foregoing statute the following provisions were added by amendment in 1903: "The mayor and council may by ordinance exclude from the corporate limits of such city any tract of land consisting of not less than five acres, which is used exclusively for agricultural or horticultural purposes, and which is now, or hereafter may be included within the corporate limits of such city, upon the application of any owner or owners of any such tract or tracts of land, setting out a full and complete description of such land, and the extent to which it is adjacent to the corporate limits of such city, and praying for its disconnection therefrom, being filed with the city clerk of such city, which application shall be read at large at the next regular meeting of the council of such city, and a day fixed by the mayor and council of such city for a hearing thereon, at not less than ten days from said regular meeting and within reasonable time thereafter. Upon such hearing if by a two-third vote of all the members elected, the council shall determine to disconnect such lands, therefrom, such lands shall thereafter be without the corporate limits of such city. If the council of such city deny the prayer of such application an appeal will lie to the district court of the county in which such city is situated as in cases of appeal from the board of commissioners. Provided further, that the right of such owner or owners of such tract or tracts of lands to make application in the first instance to the mayor and council of such city shall not be lost or waived, because of any delay in making such application." Laws 1903, ch. 18, sec. 1. Comp. St. 1907, ch. 13, art. III, sec. 4.

The original section contained no provision for disconnecting territory, and the amendment supplied that feature. Pursuant to its terms plaintiff asked the mayor and council to sever the lands in question from the cor-

porate limits of Hastings. His application was over-
ruled, and he appealed to the district court, where the
relief denied by the city was granted. Defendant in its
answer challenged the jurisdiction of the court on the
ground that the amendment is unconstitutional, and this
is the only question presented here. Briefly stated, the
principal objection to the amendment is that by it the
legislature attempted to transfer to the district court by
appeal legislative power delegated to the city council.
The enactment in unambiguous terms confers upon the
mayor and council power to detach from the city any
five-acre tract used exclusively for agricultural or horticul-
tural purposes. The method of exercising the power dele-
gated is also prescribed by the act. Under its terms ter-
ritory must be detached by ordinance, the method usually
employed by cities in exercising legislative functions.
The legislature has not provided in specific terms that
every tract of five acres or more shall be disconnected
upon a finding that it is used exclusively for agricultural
or horticultural purposes, but the city was clothed with
authority to legislate on that subject; the grant being
that "the mayor and council may by ordinance exclude
from the corporate limits of such city any tract of land
consisting of not less than five acres, which is used ex-
clusively for agricultural or horticultural purposes." In
other words, when the amendment came from the law-
makers, it was not a perfect enactment that all tracts of
land consisting of five acres or more shall be excluded
from the city limits, if they are in fact used exclusively
for agricultural or horticultural purposes. The legisla-
ture did not exercise its power to pass such a law, but
delegated it to the municipal lawmakers. The authority
thus granted to the city has never been affirmatively ex-
ercised in regard to lands owned by plaintiff within the
city limits. On the other hand, his demand on the city
for such legislation was denied. Did the legislature by
authorizing an appeal from the mayor and council confer
on the district court authority to disconnect plaintiff's

land from the city? The power of the legislature to make provision by general law for the incorporation of cities and for extending boundaries or detaching territory has been recognized by this court. In *State v. Dimond*, 44 Neb. 154, an opinion by Judge POST contains the following language: "We do not doubt the unlimited power of the legislature, in the absence of constitutional restriction, with respect to the boundaries of municipal corporations."

In municipal affairs the authority to extend boundaries is derived from the same source as the power to detach territory. In the opinion in *City of Wahoo v. Dickinson*, 23 Neb. 426, Judge MAXWELL said: "It will be conceded that an arbitrary annexation of territory to a city or town, where the benefits to be received by the territory annexed are not considered, can only be accomplished by legislation, either by the legislature itself, or by a tribunal clothed with power for that purpose, and that a court under our constitution could not be invested with such legislative power." In *City of Hastings v. Hansen*, 44 Neb. 704, the following appears in an opinion by Commissioner RAGAN: "The power to create municipal corporations and the power to enlarge or restrict their boundaries are legislative powers; and it has been doubted if the legislature can pass a valid act giving the courts jurisdiction to disconnect by decree any part of the territory of a municipal corporation of the state merely at the suit of the owner thereof." The power of the legislature to prescribe the conditions on which municipal boundaries shall be extended or restricted is recognized in the recent case of *Bisenius v. City of Randolph*, 82 Neb. 520, where the decisions of this court on a kindred subject are discussed by Judge ROOT.

In the form in which the act amending section 4 of the Hastings charter was passed in 1903, the grant conferring upon the mayor and council authority to detach territory by ordinance was legislative. In attempting to confer the same power upon the district court by direct appeal from the action of the mayor and council, if

they refuse to pass an ordinance detaching territory on demand of a landowner, the legislature did not observe the following provisions of the constitution: "The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted." Const. art. II, sec. 1. This section of the constitution prohibits the judicial department from exercising any power properly belonging to the legislative department, and the effort to confer upon the district court legislative authority to sever agricultural and horticultural lands from the city of Hastings in the manner described invalidates the amendment to section 4 of the Hastings charter. This conclusion is not at variance with former holdings to the effect that courts may be clothed with power to inquire into and determine the existence of conditions under which lands may be annexed to or detached from a city, pursuant to the terms of a statute; nor does it conflict with the rule that one whose lands were illegally included within the boundaries of a city may in a proper case obtain redress in a proceeding in the nature of *quo warranto*.

The judgment of the district court is reversed, and the appeal from the action of the mayor and council dismissed.

REVERSED AND DISMISSED.

REESE, C. J., not sitting.