THE PEOPLE *ex rel.* O. B. Wysong, County Collector, Appellee, *vs.* THE WABASH RAILROAD COMPANY *et al.* Appellants.

*Opinion filed December 16, 1914.*

1. TAXES—*a county board may levy a tax for State aid roads.* A county board may levy a tax for State aid roads under its general power to levy taxes for county purposes, and is not limited to the methods prescribed in section 22 of the Roads and Bridges act of 1913 for raising the money for such roads. (*People* v. *Kankakee and Seneca Railroad Co. ante,* p. 497, followed.)

2. SAME—*what does not render tax for State aid roads illegal.* The fact that there may be money in the county treasury available for State aid roads does not necessarily render illegal a tax levy for State aid roads, as it is the duty of a county board to use sound business judgment in the levying of taxes so that the county credit will not be impaired.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

LINDLEY, PENWELL & LINDLEY, (N. S. BROWN, and WALTER C. LINDLEY, of counsel,) for appellants.

JOHN H. LEWMAN, State's Attorney, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Vermilion county overruling objections to that portion of the county tax for the year 1913 for State aid roads.

The county tax in question was levied by virtue of a resolution of the county board, including as one of the items an amount for State aid roads. The objection of appellants was, that the only methods by which said funds could be provided for State aid roads were those mentioned in section 22 of the Road and Bridge law, either by an appropriation from funds in the county treasury or by submitting to a vote of the people the question of issuing bonds for that purpose. This question has received the consideration of this court in *People* v. *Kankakee and Seneca Railroad Co.* (*ante*, p. 497.) For the reasons stated in that case the objection urged here that the money could not be raised by the levy of a tax without a vote of the people was properly overruled by the trial court.

The certificate of the judge as to the questions of law involved states that "the evidence showed that at the time of said levy, and at all other times up to and including July 1, 1914, the county treasurer had in his hands, as a part of the county funds, a sum of money more than sufficient to satisfy an appropriation of $23,000 for State aid roads available for that purpose or for any other legal purpose." It is argued that as this money was in the county treasury the county board was without authority to levy an additional tax. Conceding that the money in the county treasury might have been available for State aid roads that would not necessarily render the tax illegal. It is the duty of the county board to use sound business judgment in the

levying of taxes so that the county credit will not be impaired. Under the reasoning in *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 261 Ill. 33, this court cannot say there was a clear abuse of the discretionary power of the county board in levying the taxes here in question.

The judgment of the county court will be affirmed.

*Judgment affirmed.*