(No. 28551.—

THE PEOPLE *ex rel.* Jack DeRosa, County Collector, Appellee, *vs.* CHICAGO AND NORTH WESTERN RAILWAY COMPANY, Appellant.

*Opinion filed September 19, 1945—Rehearing denied Nov. 15, 1945.*

NELSON TROTTMAN, of Chicago, and HADLEY & LEREN, of Wheaton, for appellant.

LEE E. DANIELS, State's Attorney, and ROBERT J. SCOTT, both of Wheaton, (CARLTON L. FISCHER, of Chicago, of counsel,) for appellee.

Mr. JUSTICE MURPHY delivered the opinion of the court:

This is an appeal from a judgment entered in the county court of DuPage county. It involves the validity of the building fund levy for the year from July 1, 1941, to June 30, 1942, as adopted by the board of education of High School District No. 95 of that county. The levy was $32,000, which appellant contends was excessive. The objection was overruled and this appeal followed.

Grounds for reversal are (a) that leave should have been granted to permit appellant to amend his objection and file an additional objection; (b) that the court imposed undue restriction upon appellant's examination of the president of the board of education and the district's superintendent of schools, who were called as adverse witnesses under section 60 of the Civil Practice Act, and

(c) that notwithstanding the objections to the rulings on pleadings and evidence, the cause made supports the inference that the levy was made for the purpose of accumulating an excessive balance in the building fund.

Appellant's original objection contained a general allegation that the levy was excessive. Facts pleaded in support thereof were that the expenditures of the district for each of the years ending June 30, 1939, 1940 and 1941 were $10,172.54, $27,381.96 and $25,436.34, respectively. It was alleged that the balance on hand at the beginning of the year was $25,643.04, and, by comparison, it was pleaded that the expenditures of the current year would be substantially the same as those of any of the three preceding years, and that the balance of $25,643.04 would be sufficient to meet them. The first amendment attacked the entire levy and as an alternative questioned that part which was in excess of the district's reasonable requirements. It was also alleged that the balances in the building fund as of June 30 for each of the years 1939, 1940 and 1941 were $14,322.99, $19,981.77 and $25,643.04, respectively. The district's budget and appropriation ordinance listed total expenditures of $254,500 but included therein was an item of $195,000 for capital outlay, the cost of which was to be paid by issuing bonds, the payment of the bonds being provided for by a special levy. Another item of $21,000 for servicing bond debt was also included in the total. Said item was to be paid from a separate levy. Deducting the items of $195,000 and $21,000 from the total estimated expenditures of $254,500, leaves a balance of $38,500, which sum, it was alleged, was grossly excessive as compared with expenditures of any of the three preceding years. This amendment contained a more detailed statement of facts, but it all goes to the case made by the original objection that the levy of $32,000 was excessive. It was substantially the same and the evidence introduced on the hearing contained all the facts

pleaded in the amendment and was properly admissible under the original objection. No facts were pleaded to show the reasonable requirements of the district, so the alternative feature of the objection was not supported by facts. There was no error in denying leave to file the first amendment.

Amendment number two contained an objection to an item of expenditure included in the building fund which had not been previously questioned. The item was a designated expenditure of "provision for contingencies $10,000." It was claimed that a levy could not be made for such a large contingent account. Sections 194 (par. 675) and 235 (par. 716) of the Revenue Act, (Ill. Rev. Stat. 1943, chap. 120) provide for the payment of a tax under protest as a preliminary to the contesting of the levy of the tax. Section 194 prescribes the substance of the notice of protest the objecting taxpayer shall file with the collector. He is required to pay at least 75 per cent of the tax objected to, which payment shall be accompanied with notice of protest setting forth the ground of objection. Section 235 directs that the court on the hearing shall examine the list of properties furnished by the collector upon which taxes have not been paid, and as to any tracts or parcels upon which taxes have been paid under protest, the court shall examine the notice of protest and the particular cause of objection. The hearing shall be in a summary manner, without pleading, and judgment shall be pronounced as the right of the case may be. The proviso to said paragraph is that no person shall be permitted to offer any defense unless he shall have paid, under protest, at least 75 per cent of all taxes to which objection has been made and the notice of protest shall specify "the particular cause of objection."

The second amendment was not accompanied by any notice of protest or collector's receipt, and the amendment contained no reference thereto. The notice or receipt ac-

companying the original objection shows appellant paid $859.86 under protest on account of educational and building fund of High School District No. 95. The particular cause of objection specified in such notice was that the levy ordinance was passed prior to the adoption of the budget and appropriation ordinance. No reference was made in the notice to the contingent item of $10,000. The amendment did not identify the tax extended against appellant's property by the levy of $10,000 for contingent purposes as being included in the protested payment of $859.86. The cause of objection as pleaded was not within the scope of the one stated in the notice of protest. The prepayment of at least 75 per cent of the tax objected to, and the specifying of the particular cause of objection are matters which are prerequisite to a taxpayer's right to defend against a particular tax levy, (*People ex rel. Dorr* v. *Alton Railroad Co.* 380 Ill. 380,) and the burden of showing said requisites had been met rested on the objecting taxpayer. The court did not err in rejecting the second proposed amendment.

During the hearing as to the excessiveness of the tax, appellant called the president of the board of education of said school district and its superintendent of schools. Proof was offered, verbal and by exhibits, to prove that the books and records of the board of education showed that the board set up a different system of budgeting expenses than the one prescribed by the Municipal Budget Law, and that although a budget was adopted in compliance with the requirements of the act, another referred to as the "working budget" was followed in the business of the board. It does not appear that the line of evidence offered would lead to a showing that any of the items of estimated receipts or expenditures as shown in the budget adopted under the budget law would be materially changed or that the substituted budget was used for the wrongful diversion of funds.

In *People ex rel. Manifold* v. *Chicago, Burlington and Quincy Railroad Co.* 386 Ill. 56, it was held that the passage of a budget and appropriation ordinance in accordance with the Municipal Budget Law was not a prerequisite to the making of a levy. In that case special mention was made of section 4, where it is expressly provided that the failure of a taxing body to adopt an annual budget or to comply in any respect with the provisions of the statute shall not affect a levy which is otherwise in conformity with law. If a budget has been adopted pursuant to the Illinois Municipal Budget Law, the items of estimated receipts and expenditures contained therein are proper to be considered but if there is a defect in the budget which shows a noncompliance with the terms of the statute, the levy does not thereby fall with the budget, for if the levy is otherwise valid it should be sustained regardless of the defects of the budget.

The superintendent testified that he prepared the budget and superintended the making of the records. He addressed a letter to each member of the board in reference to the budget. Appellant sought to introduce it in evidence. Objection to its admission was sustained. The letter contained reference to the regular budget to be submitted at the next meeting of the board. It stated that, "Almost every item of these budgets is purposely padded. We have made provision for tax anticipation warrants. We do not expect to issue any, but if banks should close, we might then have to borrow temporarily and thus our budget must make provision for same." Attention was called to the estimate of back taxes that would be collected and the uncertainty of the amount that would be paid. Obviously these matters of anticipated receipts and estimated expenditures are problems that a taxing body cannot solve to a certainty. Such questions are left to the sound discretion of the taxing authorities and will not be reviewed by the courts except for a clear abuse of discre-

tion. The fact that the superintendent called the members of the board's attention to such matters was of no consequence. Even the statement that the items of the proposed budget were "padded" did not tend to show that there had been an abuse of discretion in fixing the amounts in excess of actual needs. There was nothing in the restriction of appellant's examination of the president of the board and the superintendent that warrants a reversal of the judgment.

Appellant's final contention, that the evidence shows that the board of education made the levy for the purpose of accumulating an excessive balance, is without merit. The burden was on appellant to prove that the tax levied was excessive. Appellant introduced in evidence records showing the actual expenditures from the building fund for the three preceding years and from this base it is argued that the estimated expenditures were excessive. Conditions affecting the financial needs of a municipality vary from year to year and it is the duty of a taxing body to anticipate such changes and to provide for its needs in the light of the same. The estimated expenditures included the items: business office expense, $4000; salaries and wages of janitors and engineers, $7500; maintenance of buildings and fixtures, $17,000; a total of $28,500. As stated, the budget contained an estimated expenditure of $195,000 for capital outlay and $21,000 for bonded debt service, both of which were payable from sources other than the regular tax levy. There was the contingent $10,000 of which mention has been made. Appellant has not proved that the items for office expense, salaries and wages, and maintenance were not necessary expenditures or that the estimates are excessive.

The balance in the building fund account on June 30 of the years 1938, 1939 and 1940 was $450.15, $12,316.05 and $18,175.52, respectively. The balance at the beginning of the current year was $24,234.67. The total expenditures for the years ending June 30, 1939, 1940 and 1941

were $9,570.47, $27,181.27 and $25,038.46, respectively. Appellant refers to these figures as showing that the balance at the first of the year, of $24,234.67, was sufficient to meet the expenditures. This theory is founded on the assumption that the expenditures during the current year will not exceed those of any one of the preceding years. The weakness of such theory has already been discussed.

Appellant contends that the steady increase of the annual balances proves that the board is undertaking to create a fund in excess of its current needs. No such inference can be drawn from the evidence in this case. It is well established that governing bodies of municipalities may conduct their business on a cash basis and may carry reasonable cash balances from year to year for such purpose. They may make a levy so that they can pay their indebtedness as it becomes due. (*Mathews* v. *City of Chicago,* 342 Ill. 120; *People ex rel. Harding* v. *Chicago and Northwestern Railway Co.* 331 Ill. 544; *People ex rel. Salm* v. *Crear,* 300 Ill. 611.) There is no evidence that the taxes levied for building purposes were diverted to any other purpose, or that the sum levied for the current year would not all be expended for building purposes. In numerous cases this court has held that a reasonable cash balance in a fund at the beginning of a year will not vitiate a levy made for the same purpose. See *People ex rel. Batman* v. *Illinois Central Railroad Co.* 366 Ill. 408; *People ex rel. Clark* v. *Baltimore and Ohio Southwestern Railway Co.* 353 Ill. 492; *People ex rel. Wysong* v. *Wabash Railroad Co.* 265 Ill. 543, and *People ex rel. Stevenson* v. *Atchison, Topeka and Santa Fe Railway Co.* 261 Ill. 33.

The judgment of the county court is correct and is affirmed.

*Judgment affirmed.*