C. R. T. Corporation, a Nebraska corporation, appellant, v. Board of Equalization, in the County of Douglas, in the State of Nebraska, et al., appellees.

110 N. W. 2d 194

Filed July 14, 1961. No. 34986.

*Ross & O'Connor* and *McGowan & Troia,* for appellant.

*John J. Hanley, John C. Burke, W. Ross King,* and *Seymour L. Smith,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

The action here flows from a levy of taxes made by the county board of equalization of Douglas County, Nebraska, for the fiscal year 1960-1961 for the School District of the City of Omaha, Nebraska, a Class V district, on August 9, 1960. The levy was made pursuant to sections 79-1007 and 79-1052, R. R. S. 1943, and sections 79-1007.01 and 79-1007.02, R. S. Supp., 1959. The total was 28.5 mills on the dollar of tangible property in the district. It was allocated as follows: General operations, 23.4 mills; site and building, 1 mill; bond redemption, 3 mills; and pension fund-special levy, 1.1 mills. From this levy the C. R. T. Corporation, the owner of real estate subject to taxation in the district, as plaintiff, perfected an appeal to the district court. The Board of Equalization in the county of Douglas, Nebraska, the County of Douglas, Nebraska, and the School District

of Omaha, Nebraska, were made defendants. The district is in the county of Douglas. On the appeal no attack is made upon any item of levy except that for general operations or, as stated in a petition which was filed by the plaintiff, the general fund. The contention on appeal is that 3 mills of this levy of 23.4 mills is null and void. There is no contention that the remaining 20.4 mills of the levy for the general fund is not valid.

The basis of the contention that this portion of the levy is null and void is that it is for an unlawful and unnecessary purpose, and in excess of the requirements of the district. Alleged reasons why this was true are that the levy failed to take into consideration the balance on hand at the end of the school year; that this was an attempt to create a surplus in excess of requirements; that it represented an underestimate of revenue from tax and nontax sources; and that there was an improper transfer of funds from the general fund.

To the petition the school district filed an answer. By the answer it alleged that the court was without jurisdiction over the subject matter; that the plaintiff had no lawful power or authority to prosecute the appeal; and that this being a purported class action the appeal on that account is void.

For further answer this defendant denied generally all of the allegations except that it admitted that the levy as charged was made on all taxable property except intangible property.

The county board of equalization and the county of Douglas filed an answer which is in substance the same as that filed by the school district.

The case was tried to the court after which findings were made and a judgment duly rendered. The court found generally in favor of the defendants; that the court was without jurisdiction; that the evidence failed to prove the material allegations of the petition; and that the appeal should be dismissed. By the judgment the appeal of the plaintiff and the petition were dismissed.

The plaintiff duly filed a motion for new trial. This motion was overruled. From the judgment and the order overruling the motion for new trial the plaintiff has appealed.

The active parties on this appeal are the named plaintiff and the defendant School District of Omaha. In consequence of this, in case of use of the term, defendant, this will have reference to the school district in the absence of other description indicating a reference to one of the other defendants.

As grounds for reversal the plaintiff has set forth in its brief several assignments of error. The first one asserts that the court erroneously found that it was without jurisdiction to entertain the appeal. The brief of the defendant advances more than one theory of lack of jurisdiction. The adjudication does not disclose on what theory lack of jurisdiction was found. It is therefore necessary to consider those which are pertinent. The first of these to be considered is that of whether or not statutes in terms confer upon the board of equalization the power to make a levy such as was made or attempted here and, after such levy has been made, jurisdiction on the district court to review it on appeal. A contention of the defendant is in effect that the levy is not made by the board of equalization but by the board of education of the school district, hence there is no right of appeal from the board of equalization.

This contention is without merit. The statutes by their terms clearly declare that the opposite is true. Section 77-1601, R. R. S. 1943, in defining the duties of the board of equalization and in declaring the duties with reference to school district funds, contains the following: "After making the levy for such purpose, the county board of equalization shall make the levy of taxes for county purposes. The levy shall include all county taxes necessary to cover the amounts required to be raised by taxation, as provided in the annual budget of said county for the current year, and shall include all

township, city, school district, precinct, village, road district, and other taxes required by law to be certified to the county clerk and levied by the county board of equalization; * * *." So that there may be no misunderstanding, the procedure followed leading up to and in the making of the levy was as follows: The board of education of the school district certified a budget to the county clerk which budget was presented to the board of equalization and on the basis of this budget the board of equalization made the levy. This on its face indicates that here was a levy of what was in law to be regarded as a county tax made and to be made by the board of equalization. In addition, specifically so declaring is section 77-109, R. R. S. 1943, as follows: "The term 'county tax' includes all taxes due to the county, school districts and other subdivisions of the county, which are levied and collected by the county."

As to the right of a taxpayer to appeal, section 77-1606, R. R. S. 1943, contains the following: "Any taxpayer may appeal from the action of the county board of equalization in making the levy, if in the judgment of such taxpayer the levy is for an unlawful or unnecessary purpose, or in excess of the requirements of a county, within the same time and in the same manner as appeals are now taken from the action of the county board in the allowance or disallowance of claims against the county."

The insistence that the phrase "in excess of the requirements of a county" has the effect of limiting the right of appeal to a matter of levy, strictly speaking, of county taxes is not convincing in the light of the definitions quoted.

It is suggested that the action may not be maintained for the reason that the appeal was on behalf of a class and not by a person entitled to take an appeal. On its face it is an appeal by a single taxpayer and not by a class. The suggestion does not require further consideration.

The defendant's contentions that the court was without jurisdiction are without merit unless it may be said that the statute providing for appeal from the levy made by a board of equalization of a county for school district taxes is unconstitutional.

The assigned ground of unconstitutionality is that the Legislature, by conferring the right of appeal to the district court from a levy of taxes made by a county board of equalization for school funds violated Article II, section 1, of the Constitution of the State of Nebraska, which provides for the separation of the powers of state government. The provision is as follows: "The powers of the government of this state are divided into three distinct departments, the legislative, executive and judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted." With particularity the contention made is that this grant of the power of review is a grant to the courts of legislative rather than judicial power.

It is elementary in the area of the constitutional interpretation of Article II, section 1, of the Constitution, that the Legislature may not impose upon the courts the performance of nonjudicial duties nor delegate to them any legislative power. See, State ex rel. Thompson v. Neble, 82 Neb. 267, 117 N. W. 723, 19 L. R. A. N. S. 578; Winkler v. City of Hastings, 85 Neb. 212, 122 N. W. 858; Searle v. Yensen, 118 Neb. 835, 226 N. W. 464, 69 A. L. R. 257.

This rule however does not bar the right of the Legislature to confer upon the courts the power to review the propriety and legality of legislative action, or of administrative or ministerial action taken pursuant to legislative grant of power. In truth, a legislative declaration denying such a right of review would itself be invalid.

The rule, its application, and the limitations thereof

are stated in Tyson v. Washington County, 78 Neb. 211, 110 N. W. 634, 12 L. R. A. N. S. 350.

In the opinion in that case appears by quotation from Cooley, Constitutional Limitations (7th ed.), p. 132, a definition of and distinction between judicial and legislative acts, as follows: " 'That which distinguishes a judicial from a legislative act is, that the one is a determination of what the existing law is in relation to some existing thing already done or happened, while the other is a predetermination of what the law shall be for the regulation of all future cases falling under its provisions.' "

In the same opinion appears the following: "* * * whenever a judicial controversy does in fact arise, the courts have an inherent right to intervene without the permission, and even against the expressed will, of the legislature."

Also in that opinion appears the following: "Doubtless, however, it is competent for the legislature to prescribe whatever mode of procedure they may see fit for bringing judicial questions before the courts for determination, or for the multiplication of cumulative remedies, * * *."

In the light of these rules section 77-1606, R. R. S. 1943, discloses by its terms that the questions to be presented for review on appeal are judicial and not legislative. The questions are legality of purpose, necessity, and whether or not the levy is excessive. These are questions which were presented to the district court on appeal.

It is true that section 77-1608, R. R. S. 1943, permits the district court, in addition to what is provided for by section 77-1606, R. R. S. 1943, on facts presented, to determine the amount of a levy which is proper, legal, or necessary and to change the levy accordingly. It may be that this phase amounts to an authorization of invasion of another department by the judicial department, a question which does not require answering

herein since it has not been made apparent that any action was based upon it, and for the further reason, as has already been indicated, that the reference in section 77-1606, R. R. S. 1943, is to a judicial proceeding. The question has no controlling significance in the decision of this case.

It is suggested that since there was another remedy available for presentation of the contentions of the plaintiff other than by appeal the statute providing for appeal is invalid. As pointed out in Tyson v. Washington County, *supra*, multiple remedies are not condemned.

It must be said therefore that the attack based upon a claimed violation of Article II, section 1, of the Constitution, may not be sustained.

It becomes necessary now to turn to the question of whether or not the court erred in its finding that the evidence was insufficient as proof of the allegations of the petition and in the rendition of its judgment dismissing the petition.

The parties appear to accept the premise that there is no statutory restriction upon the amount or rate of tax to be levied for school purposes in school districts such as the one involved here, except that it shall be lawful, reasonably necessary for lawful purposes, and not excessive. That premise will be accepted for the purposes of this opinion.

The plaintiff in its petition asserts that the levy in excess of 20.4 mills is unlawful, unnecessary, or in excess of requirements. The sole theory of the presentation is that the amount is in excess of the needs of the district.

In dealing with a situation involving exercise of powers by school district officers, this court in Gaddis v. School Dist., 92 Neb. 701, 139 N. W. 280, said: "The presumption is that the officers acted within their authority and did not transgress its scope, and the burden is on the plaintiff to disclose facts which will justify the court in the issuance of the writ." This rule is applicable here. The burden was on the plaintiff to

show that the levy was in excess of the needs of the school district.

Factually the record discloses that under date of July 29, 1960, the school district presented to the county clerk of Douglas County, Nebraska, an estimate of resources likely to be received for school purposes. The estimated total for the general fund was $12,839,373. Estimates of other funds were also presented but they are of no concern here and hence will receive no further mention. Along with this was presented a certificate of the aggregate number of mills estimated to be necessary to be levied in order to raise by taxation money to support the schools for the ensuing year. Included in this was an estimated amount of 23.4 mills for the general operations fund or what is generally referred to in the record as the general fund. It was estimated that to produce the total of $12,839,373 would require a mill levy of 23.4 mills.

In the record is a stipulation of facts. By this stipulation it was estimated that on September 1, 1960, there would be in the general fund a balance of $1,819,378 out of the general fund levy for the previous year, which was for 22.4 mills, for use during the fiscal year beginning September 1, 1960. It is pointed out here that there is nothing in this stipulation or elsewhere in the record as to what part of this, if any, would be required to pay obligations contracted by or charges against the district during the year ending August 31, 1960.

In consequence of this the plaintiff by its presentation of the case here insists that the estimated needs for the year 1960-1961 were exceeded by $1,819,378, and that the mill levy of 23.4 mills was for that reason excessive. On this basis the plaintiff concluded that the true estimate was $14,206,751, instead of $12,387,373.

By the stipulation it was agreed that the school district estimated that there would be expenditures from the general fund for the fiscal year 1960-1961 of $13,-830,450, and on the basis of a 22.4 mill levy there would

be a balance in the fund on September 1, 1961, of $376,-301, and also that on the basis of a 23.4 mill levy there would be a balance on September 1, 1961, of $828,301.

In the record is evidence relating to levies and rates of levy made in earlier years, amounts of surplus produced in those years, allocations of funds, and sources of income, but there is nothing in the record upon which to base a finding and judgment that the levy of 23.4 mills for the general fund was excessive except the bare fact that this, on the basis of the assessed value of the taxable property in the district at the time of levy, would produce revenue of $828,301 in excess of the anticipated general fund needs of the district.

In the briefs are found hypothetical analyses and computations from which have been deduced conclusions, but it has not been found that from these flow conclusions which are in aid of a reasonably accurate determination of the question of whether or not the levy is excessive.

As is clearly apparent in a situation such as this the needs are not capable of exact ascertainment. In the very nature of things and as the pertinent statutes declare there may only be estimates, which of course negative any thought that accuracy must be attained. The true test is that there shall be a reasonable and approximate estimate and determination made in the light of the known and reasonably ascertainable facts and also in the light of known and fairly anticipated conditions.

In support of this proposition this court said in Kissinger v. School Dist. No. 49, 163 Neb. 33, 77 N. W. 2d 767: "The defendant argues that exact calculations as to the amount of taxes to be raised for school purposes were not contemplated and that consideration can be had for possible nonpayments of taxes and other similar contingencies. We are of the opinion that defendant's position is correct as a general proposition. * * * The tax levy is required to be a reasonable approxi-

mation of the amount required." See, also, Giliman v. Talley, 140 Iowa 718, 119 N. W. 144; People ex rel. De Rosa v. Chicago & N. W. Ry. Co., 391 Ill. 347, 63 N. E. 2d 401; Allen County Fiscal Court v. Allen County Board of Education, 242 Ky. 546, 46 S. W. 2d 1070; 16 McQuillin, Municipal Corporations (3rd ed.), § 44.97, p. 258.

It is not difficult, in the light of what has become apparent from the record as to the expense of the functions of the Omaha School District, and the possible if not even probable fluctuation in expense of operation and of revenue from the varied sources, to perceive, without evidence to demonstrate the contrary, that a levy which it was anticipated would produce an excess for all purposes of not to exceed $828,301 more than the total estimate was not an abuse of discretion and unreasonable.

The plaintiff has failed to sustain the burden of proving that the levy made by the board of equalization was excessive within the meaning of law.

The finding of the district court that it was without jurisdiction and the judgment in favor of the defendants on that ground is reversed.

The finding of the district court that the evidence failed as proof of the plaintiff's cause of action and the judgment of dismissal on that ground is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED.