BEDE F. WILLIAMS ET AL., APPELLANTS, v. COUNTY OF BUFFALO, NEBRASKA, ET AL., APPELLEES.

147 N. W. 2d 776

Filed January 6, 1967. No. 36343.

234

Tye, Worlock, Knapp & Tye and Jeffrey H. Jacobsen, for appellants.

Ward W. Minor, Andrew J. McMullen, Stewart, Calkins & Duxbury, and David L. Crawford, for appellees.

Herbert M. Fitle, Frederick A. Brown, Edward M. Stein, Walter J. Matejka, James E. Fellows, Allen L. Morrow, P. D. Spenceri, Ralph D. Nelson, Vincent D. Brown, Arlyss E. Brown, and Jerry C. Nelson, for amici curiae.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, BROWER, and McCOWN, JJ., and FLORY, District Judge.

CARTER, J.

This is an action for an injunction to enjoin the assessment and levy of municipal taxes by the City of Kearney upon the real and personal property of the plaintiffs.

The trial court denied an injunction and plaintiffs have appealed.

On May 14, 1963, the City of Kearney passed ordinance No. 1711 which had the effect of annexing the lands of the plaintiffs described in the petition to the City of Kearney pursuant to L.B. 338, Laws 1963, c. 59, p. 249, now sections 16-106, 16-107, 16-109, 16-110, and 16-110.01, R. S. Supp., 1965. An appeal was taken from the action of Kearney in annexing plaintiffs' lands. Such annexation was affirmed by this court in Shields v. City of Kearney, 179 Neb. 49, 136 N. W. 2d 174, on July 9, 1965, The constitutionality of L.B. 338 was specifically not decided in the Shields case, the court holding that plaintiffs could not raise that issue after invoking the provisions of the act in their own behalf.

All of the parties to the present action were parties in Shields v. City of Kearney, *supra*, except Williams-Unimart, Inc., and the County of Buffalo. Both of the latter are bound by that case by privity of interest. Under this situation all of the parties in the instant case are bound by the judgment entered in the Shields case. Plaintiffs argue, among other things, that the facts and circumstances disclosed are insufficient to sustain the annexation of plaintiffs' lands to the City of Kearney. We think, however, that this issue was finally settled in the Shields case. In other words, the findings of the Shields case that the evidence was sufficient to sustain annexation under ordinance No. 1711 is a final determination of that issue.

Plaintiffs allege in their petition that L.B. 338 is unconstitutional, first, because of a failure to provide for notice to the plaintiffs as property owners in the area to be annexed and, second, that the act is violative of Article II, section 1, of the Constitution of Nebraska, in that it delegates a legislative function to the courts.

Plaintiffs contend that L.B. 338 is unconstitutional for failure to provide notice to them as landowners in the area annexed before passage of the ordinance. By the

enactment of L.B. 338, the Legislature delegated to cities of the first class the power to annex lands to the city by legislative action if the lands are contiguous or adjacent to the city and are urban or suburban in character and not agricultural or rural in character. The passage of the ordinance presumes a finding that the conditions and limitations contained in the delegating statute exist or have been complied with. The findings of the city council thereon are legislative and are in a sense merged in the ordinance upon its passage. Such action by the city's legislative body does not require notice. The giving of notice under such circumstances is no more required than the giving of notice by the Legislature itself before the enactment of laws. Many decisions of this court have held to this effect and that the failure to give such notice does not bring it within the due process clause of either the state or federal Constitutions. Nickel v. School Board of Axtell, 157 Neb. 813, 61 N. W. 2d 566; Schlientz v. City of North Platte, 172 Neb. 477, 110 N. W. 2d 58; Kriz v. Klingensmith, 176 Neb. 205, 125 N. W. 2d 674; Hunter v. City of Pittsburg, 207 U. S. 161, 28 S. Ct. 140, 52 L. Ed. 151; City of Cedar Rapids v. Cox, 250 Iowa 457, 93 N. W. 2d 216; City of Tucson v. Garrett, 77 Ariz. 73, 267 P. 2d 717.

The plaintiffs further contend that L.B. 338 is unconstitutional and void in that it confers legislative powers on the judiciary contrary to the distribution of powers section of the Constitution, to wit, Article II, section 1, and, as to the plaintiffs, is violative of the due process of law provision, Article I, section 3, of the Constitution.

It has long been the law of this state that the Legislature may not delegate legislative power to the courts. Winkler v. City of Hastings, 85 Neb. 212, 122 N. W. 858; Searle v. Yensen, 118 Neb. 835, 226 N. W. 464, 69 A. L. R. 257; C. R. T. Corp. v. Board of Equalization, 172 Neb. 540, 110 N. W. 2d 194; McDonald v. Rentfrow, 176 Neb. 796, 127 N. W. 2d 480.

In Winkler v. City of Hastings, *supra,* power was dele-

gated to the city to sever lands from the city by ordinance. Plaintiff requested the city to sever his agricultural lands and it refused. Plaintiff appealed to the district court. In dismissing the appeal and dismissing the action, this court said: "Briefly stated, the principal objection to the amendment is that by it the legislature attempted to transfer to the district court by appeal legislative power delegated to the city council. The enactment in unambiguous terms confers upon the mayor and council power to detach from the city any five-acre tract used exclusively for agricultural or horticultural purposes. The method of exercising the power delegated is also prescribed by the act. Under its terms territory must be detached by ordinance, the method usually employed by cities in exercising legislative functions. * * * In the form in which the act amending section 4 of the Hastings charter was passed in 1903, the grant conferring upon the mayor and council authority to detach territory by ordinance was legislative. In attempting to confer the same power upon the district court by direct appeal from the action of the mayor and council, if they refuse to pass an ordinance detaching territory on demand of a landowner, the legislature did not observe the following provisions of the constitution: * * * Const. art. II, sec. 1. This section of the constitution prohibits the judicial department from exercising any power properly belonging to the legislative department, and the effort to confer upon the district court legislative authority to sever agricultural and horticultural lands from the city of Hastings in the manner described invalidates the amendment to section 4 of the Hastings charter. This conclusion is not at variance with former holdings to the effect that courts may be clothed with power to inquire into and determine the existence of conditions under which lands may be annexed to or detached from a city, pursuant to the terms of a statute; nor does it conflict with the rule that one whose lands were illegally included within the boundaries of a city may in

a proper case obtain redress in a proceeding in the nature of quo warranto." This same principle is announced in Searle v. Yensen, *supra;* Wagner v. City of Omaha, 156 Neb. 163, 55 N. W. 2d 490; and others.

The act in controversy provides in part: "Any annexation ordinance duly enacted under section 16-106 effectuating the extension of the corporate limits of such city shall be presumed legal as to territories where the inhabitants do not appeal. Any legal owner of any territory annexed may appeal from the annexation ordinance to the district court of the county in which such city is situated. Such appeal may be taken from the enactment of the ordinance as in other civil actions, but notice of appeal must be given within thirty days from the effective date of such annexation ordinances by filing written notice with the city clerk and by causing a copy of the petition on appeal to be served upon the city in the manner provided by law for service of a summons in a civil action. The city shall file its answer, if it desires to contest such appeal, within thirty days from the filing of the petition on appeal and shall set forth in its answer the grounds for sustaining the ordinance and why the territory should not be eliminated from such annexation ordinance. The case shall be tried by a court as a suit in equity de novo, and the burden of proof shall be upon the city. The court may hear and determine in one suit the appeal of all persons appealing from the annexation ordinance, but shall make specific findings in reference to each tract of land set forth in a petition or petitions on appeal. If the court finds in favor of the petitioner or petitioners, or any of them, it shall enter a decree accordingly. In all cases in which a decree is entered finding that any of the territory described in the proceedings should be eliminated from the annexation ordinance, a certified copy of such decree shall be recorded in the office of the clerk of the city affected thereby. Either party may prosecute appeal from the

finding and decree of the district court to the Supreme Court." § 16-110, R. S. Supp., 1965.

A reading of this section shows that its intent was to lodge jurisdiction in the district court by appeal to review the propriety of the legislative action taken by the city. It prescribed the hearing on appeal to be as one in equity de novo, a plain indication that the court was to assume the position of a superior legislative body in hearing the appeal. This is clearly an attempt by the Legislature to impose a legislative function upon the judiciary and is violative of Article II, section 1, of the Constitution. The proper method of questioning the validity of such legislative action is by collateral attack, that is, by injunction, quo warranto, or other suitable equitable action.

As we have heretofore said, landowners in territory wrongfully annexed to a city by legislative action are entitled to a remedy in order to afford due process. A collateral attack by injunction, quo warranto, or other suitable equitable action affords such remedy. The question immediately arises whether or not the Legislature may properly afford the same remedy by appeal. The Legislature may provide more than one remedy so long as constitutional limitations are not violated. In Tyson v. Washington County, 78 Neb. 211, 110 N. W. 634, 12 L. R. A. N. S. 350, this court said: "Doubtless, however, it is competent for the legislature to prescribe whatever mode of procedure they may see fit for bringing judicial questions before the courts for determination, or for the multiplication of cumulative remedies, * * *." But it will be noted that this rule limits its own scope to judicial questions and does not include questions which are purely legislative.

The legislative power is the power to enact rules of law for the government and regulation of people or property. It involves the exercise of discretion as to the contents of statutes and their policy. The Legislature may delegate legislative powers to others. When it dele-

gates such power to a public officer or administrative agency for the enforcement of its legislative will, the statute of delegation must contain reasonable guidelines and understandable fact standards by which the act will be administered. But when legislative power is delegated to a legislative body, such as the mayor and council of a city, it grants that same power that it has itself, subject to the conditions and limitations imposed upon its exercise. The determination of the existence of the conditions and the compliance with limitations are legislative questions. This court has consistently held as a general rule that the courts cannot inquire into the motive, policy, wisdom, or expediency of legislation. If a person be injured by such legislative action, either by the failure to comply with the procedure provided or a failure to comply with conditions and limitations imposed, injunction provides the remedy on the theory that the person so injured has been deprived of property or other valuable rights without due process of law.

The defendants cite cases in support of their position in which this court entertained appeals from the enactment of an ordinance. A discussion of the principles involved as they affect this case appears necessary. In some of our previous decisions we have apparently confused the conditions and limitations imposed upon the exercise of delegated legislative power with the standards and guidelines required to be imposed on an administrative officer or agency in the enforcement of a legislative act which he is required to administer. The first is legislative and may be attacked collaterally. The second is ordinarily judicial and, if it is, an appeal or error proceeding is a proper remedy.

The departure from principle appears most noticeable in Elliott v. City of Auburn, 172 Neb. 1, 108 N. W. 2d 328. In that case it was held that a condition contained in the statute delegating authority to the city to create a paving district had not been met. It was held that the legality of the ordinance could not be tested by injunc-

tion.  We think the case was erroneously decided.  An attack upon the legality of an ordinance because the conditions did not exist or limitations have not been restricted which authorizes the council to act may be collaterally attacked, and not by direct appeal or error proceeding.  Other cases are cited which are alleged to support the theory that appeals may be taken from the enactment of an ordinance pursuant to the legislative power delegated to it by the Legislature.  We content ourselves with the statement of the rules of law applicable to the instant case.  If, as asserted, other cases have departed from the fundamental rules herein stated, a further consideration can be had when similar cases reach this court.

We think the correct rule is stated in Wagner v. City of Omaha, *supra,* which holds that where the annexation of lands to a city is by legislative action, constitutional and statutory limitations on the nature and extent of the territory to be annexed must be observed, and where such annexation is illegal injunction is a proper remedy.  It is our considered opinion that a collateral attack is not only a proper remedy but the exclusive remedy.  We do not mean to infer, however, that an appeal will not lie from judicial or quasi-judicial findings of a public officer or administrative board as to whether or not he or it has complied with standards and guidelines imposed for the administration of a legislative act.

In the instant case, the Legislature delegated the power to the city to include by ordinance any contiguous or adjacent lands, lots, tracts, streets, or highways as are urban or suburban in character within the city.  The exercise of the power excluded the right to annex agricultural lands which are rural in character.  The determination by the mayor and council that the lands being annexed were not agricultural lands rural in character is a legislative finding essential to the delegated legislative right to annex the lands.  Likewise, the finding that

such lands were contiguous or adjacent is a legislative finding necessary to the passage of a valid ordinance. While these legislative findings are necessary to the exercise of the right to annex by ordinance, they are a part of the exercise of the delegated legislative power and are in no sense of the word judicial in character. Since the motive, policy, wisdom, or expediency of legislation is for the Legislature and not the courts, the legislation is presumed constitutional until declared unconstitutional by a proper authority. But an appeal or error proceeding does not lie from a purely legislative act by a public body to whom legislative power has been delegated. If the jurisdictional findings of the legislative body to whom legislative powers have been delegated, such as the mayor and council in the instant case, are not true, and it is so established in a proper action, the ordinance is void as to anyone injured thereby for the reason that it takes property without due process of law.

The foregoing discussion, however, does not apply to the findings of a public officer or administrative agency engaged in the enforcement of a legislative act, when such findings are judicial or quasi-judicial in character. See, Hickman v. Loup River Public Power Dist., 176 Neb. 416, 126 N. W. 2d 404; City of Auburn v. Eastern Nebraska Public Power Dist., 179 Neb. 439, 138 N. W. 2d 629.

In the instant case, the appeal in effect authorizes the district court to consider "the grounds for sustaining the ordinance and why the territory should not be eliminated from such annexation ordinance." The statute further provides that the appeal shall be tried as a suit in equity de novo. This imposes upon the court the duty of serving as a superior legislative body when it requires the city to carry the burden of proof of showing valid reasons for annexing the property to the city. The sum and substance of the statute are that the property will be annexed if the court thinks best. The question as to whether or not the annexing of the property is a question

of public policy is not in any sense a judicial question. In attempting to submit that question to the district court by an appeal from the passage of the ordinance, the Legislature has attempted to make it the means of transferring the legislative power to the district court. As the statute now stands, the court is required to determine what facts shall exist as a basis for the annexation of the property, a purely legislative function, and must be held invalid as an attempt to impose upon the courts the performance of nonjudicial duties, and an unauthorized delegation of legislative power. We hold that L.B. 338 is unconstitutional in that it is inhibited by Article II, section 1, of the Constitution of Nebraska.

The case is an action to enjoin the collection of municipal taxes levied on the property of the plaintiffs. The statute under which the property was annexed to the City of Kearney being unconstitutional, the municipal taxes levied pursuant to such void annexation are likewise void. Injunction being a proper remedy in such cases, the trial court was in error in denying equitable relief.

We do not deem it necessary to decide other issues raised by the parties. The judgment is reversed and the cause remanded to the district court with directions to enter an order enjoining the City of Kearney from assessing, levying, or collecting municipal taxes levied against the lands of the plaintiffs described in their petition.

REVERSED AND REMANDED WITH DIRECTIONS.