ARNOLD MEYER ET AL., APPELLANTS, V. CITY OF GRAND ISLAND, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

171 N. W. 2d 242

Filed October 10, 1969. No. 37207.

Gwyer Grimminger of Wagoner & Grimminger, for appellants.

Duane A. Burns, Walter Lauritsen, Robert E. Paulick, and George R. Horner, for appellees.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SMITH, J.

The district court rendered a declaratory judgment upholding an annexation ordinance of the City of Grand Island. Plaintiffs have appealed. Their complaints are: (1) The court relieved the city from a pretrial stipulation and submission of the cause after trial; and (2) the mayor and council had enacted the ordinance without conducting a trial-type evidentiary hearing or making an express finding on the character of the land.

Plaintiffs owned subdivision lots located approximately ½ mile west of Grand Island and ¼ mile west of the east subdivision boundary. The subdivision was adjoined by industrial property on the east, railroad right-of-way on the north, and city cemetery on the south. The three adjoining tracts extended generally eastward to the city boundary.

A pretrial stipulation states that ordinance No. 4347, passed in 1966, annexed the city cemetery. The authorizing statute, however, was held unconstitutional. Williams v. County of Buffalo, 181 Neb. 233, 147 N. W. 2d 776 (1967). Other annexation ordinances in evidence at the trial were No. 4476, describing the subdivision, and Nos. 4477, 4478, and 4479, describing the three adjacent tracts. These four ordinances had been enacted on January 8, 1968, in numerical sequence.

The district court took the case under advisement on October 10, 1968. On October 14 the city moved the court to reopen the case for the purpose of admitting ordinance No. 4439 into evidence. The motion was sustained and the ordinance received over objection. Enacted on April 20, 1967, under section 16-117, R. S. Supp., 1967, the ordinance annexed the cemetery.

The Legislature has empowered Grand Island and other first-class cities generally to annex contiguous lands that are urban and suburban in character. The

power does not reach agricultural lands that are rural in character. § 16-117, R. S. Supp., 1967. Ordinance No. 4439 which annexed the cemetery concededly supplied contiguity, but plaintiffs complain of the rulings that led to admission of the ordinance into evidence.

A court on timely motion may properly vacate a stipulation that is improvident or not conducive to justice. See, LeBarron v. City of Harvard, 129 Neb. 460, 262 N. W. 26, 100 A. L. R. 767 (1935); Butler v. Chamberlain, 66 Neb. 174, 92 N. W. 154 (1902). An order allowing a party to withdraw his rest and adduce evidence is discretionary. See, Lewelling v. McElroy, 148 Neb. 309, 27 N. W. 2d 268 (1947); Cochran v. Moriarty, 78 Neb. 669, 111 N. W. 588 (1907). Reopening the present case and admitting ordinance No. 4439 into evidence were proper.

A city in enacting an annexation ordinance under section 16-117, R. S. Supp., 1967, exercises a legislative function. The statute does not require the legislative body to conduct a trial-type evidentiary hearing or to make an express finding on the character of the land. Cf. Williams v. County of Buffalo, 181 Neb. 233, 147 N. W. 2d 776 (1967). There was no defect in enactment of ordinance No. 4476.

The judgment is affirmed.

AFFIRMED.