REQUESTED BY: Senator George Fenger Eighty-seventh Legislature State Capitol Lincoln, Nebraska 68509
Dear Senator Fenger:
If it were to become operative law, LB 308 of the Eighty-seventh Legislature would materially amend Neb.Rev.Stat. § 79-801 (Supp. 1980). You have asked three questions which pertain thereto. For reasons hereinafter stated, only one of those questions need be discussed.
Subject to certain conditions precedent, section 1 of LB 308 would ostensibly permit the registered voters of Class I school districts which form certain territory annexed to a Class III school district by petition to vote at an election as to which school district the annexed territory shall be a part of. However, the provisions of Neb.Rev.Stat. § 79-801 (Supp. 1980) which pertain to conducting such an election has been deleted in LB 308.
There is yet another problem with LB 308. Section 2 of LB 308 provides that the owner or owners of certain platted land may file a petition with the school board of the Class III school district of the city approving the plat in which a request is made that such land be transferred to and become a part of the Class III school district of the city approving the plat. It does not, however, contain any guidelines by which the school district is to administer such requests. Thus, the question immediately arises as to whether section 2 of LB 308 is violative of the distribution of powers section of the Constitution, to wit, Article II, Section 1, and also violative of the due process of law provision, Article I, Section 3 of the Constitution.
In the constitutional sense, legislative power is a part and parcel of the distribution of powers concept. Legislative power, of course, is the power to enact rules of law for the regulation of people or property. It involves the exercise of discretion as to the contents of statutes and their policy. Obviously, the Legislature may delegate legislative power to others. However, when it delegates such power to a public officer or administrative agency for the enforcement of its legislative will, the statute of delegation must contain reasonable guidelines and understandable fact standards by which the act will be administered.Williams v. County of Buffalo, 181 Neb. 233,147 N.W.2d 776 (1967). As noted above, there are no fact standards in LB 308 by which the school board is to determine if the petition described in section 2 of LB 308 should be approved or disapproved. It therefore appears to us that LB 308 is unconstitutional.
Very truly yours, PAUL L. DOUGLAS Attorney General Harold Mosher Assistant Attorney General