REQUESTED BY: Senator William E. Nichol Speaker of the Legislature State Capitol Lincoln, NE 68509
Dear Senator Nichol:
This is in reply to your inquiry concerning the constitutionality of certain provisions contained in the amendments to LB 516.
The first about which you inquired is Section 1, subsection (3) on page 6 of the amendments. This provides in part:
 (3) After January 9, 1988, the Supreme Court may by rule change the number of election districts, the boundaries of the election districts, and the number of judges who will serve in each election district. The boundaries of the election districts shall follow county boundaries and shall reflect a proportionate share of the total district court caseload for each district judge district. The Supreme Court shall review and change the election district boundaries as is necessary to provide for efficient court functioning but shall review such boundaries at least once every three years. The Supreme Court shall adopt and promulgate rules to carry out this section.
As you know, Article II, Section 1, of the Nebraska Constitution divides the powers of government into three distinct departments and no one department may exercise any power properly belonging to either of the others, except as expressly permitted in the Constitution.
Interpreting this provision in C.R.T. Corp. v. Boardof Equalization, 172 Neb. 540, (1961), the Supreme Court stated:
 It is elementary in the area of the constitutional interpretation of Article II, section 1, of the Constitution, that the Legislature may not impose upon the courts the performance of nonjudicial duties nor delegate to them any legislative power. See, State ex rel. Thompson v. Neble, 82 Neb. 267, 117 N.W. 723, 19 L.R.A.N.S. 578; Winkler v. City of Hastings, 85 Neb. 212, 122 N.W. 858; Searle v. Yensen, 118 Neb. 835, 225 N.W. 464, 69 A.L.R. 257.
. . . .
 . . . "`That which distinguishes a judicial from a legislative act is, that the one is a determination of what the existing law is in relation to some existing thing already done or happened, while the other is a predetermination of what the law shall be for the regulation of all future cases falling under its provisions.'"
In McDonald v. Rentfrow, 176 Neb. 796 (1964), the Supreme Court also held that `the fixing of boundaries of school districts is exclusively a legislative function . . .' However, the court further held that such legislative function `may be properly delegated to a subordinate agency, providing the Legislature prescribes the manner and standards under which the power of the designated board may be exercised.' After citing a number of previous Nebraska cases, the court went on to state `The Legislature may delegate this authority provided it states the purpose for doing so and sets up reasonable standards to guide the agency which is to administer it.'
A fundamental problem with the present legislation is that it is not delegating the function to what could ever properly be termed a `subordinate agency' to the Legislature. It is delegating a clear legislative function to our highest judicial body. This it cannot do.
By way of guidance, if you decide to delegate to a subordinate body instead of a court, a secondary failing of the above legislation is that it does not set forth the purpose for the delegation and the standards are too vague.
The only standard in the above legislation to guide the Supreme Court is that it shall `reflect a proportionate share of the total district court caseload for each district judge district.' The determination of `caseload' could be based upon a number of differing criteria which could lead to a different result as each factor is charged; for example, `caseload' could be based strictly on the number of cases filed in each district judge district without regard to the proportion of dismissals, cases actually going to trial, cases actually going to jury trial, proportion of divorce cases, proportion of criminal cases with guilty pleas, proportion of criminal cases going to trial, and a host of other factors.
Subsection (2) of Section 6 on page 9 and Section 10, subsection (1) on page 13 of the amendments suffer from the same weaknesses.
Section 10, subsection (1) does add the standard of `travel time' in addition to `caseload,' but this is not enough to remedy the problem. Also, it adds `other factors necessary to assure efficiency, service, and the most effective use of existing judges,' which gives the Supreme Court an unlimited discretion upon which to base its decision.
In summary, the sections reviewed clearly attempt to delegate legislative functions to the judiciary. This would violate the constitution, as discussed.
Additionally, should you decide to delegate to a subordinate agency instead of a court, the present act does not contain the purpose for the delegation nor reasonable standard to guide the body.
Sincerely yours,
ROBERT M. SPIRE Attorney General
Mel Kammerlohr Assistant Attorney General